CROWLEY v. FINCH.

(Court of Civil Appeals of Texas. Dallas. Dec. 14, 1912. Rehearing Denied Feb. 15, 1913.)

1. TRIAL (§ 139*)—DIRECTION OF VERDICT—WHEN AUTHORIZED.

The court may only direct a verdict for defendant where there is no testimony to support the claim of plaintiff.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333 338–341, 365; Dec.Dig. § 139.*]

2. APPEAL AND ERROR (§ 729*)—ASSIGNMENTS OF ERROR—PEREMPTORY INSTRUCTIONS—REVIEW.

An assignment of error complaining of the refusal of special charges requested by plaintiff, and of the giving, in lieu thereof, a peremptory charge for defendant, does not require the court on appeal to review the peremptory charge in the absence of a pointing out of testimony in the record supporting plaintiff's claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2998, 3013; Dec. Dig. § 729.*]

3. APPEAL AND ERROR (§ 719*)—QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — RECORD.

Under Rev. Civ. St. 1911, art. 1612, requiring plaintiff to file assignments of error distinctly specifying the grounds on which he relies, or the errors are waived, and Court of Civil Appeals rules 23 and 25 (142 S. W. xii), providing that, if the record does not contain an assignment of error as required, the court will not consider any error but one of law apparent on the record, and that a distinct specification of error must point out the part of the proceedings complained of in a particular manner, the giving of a peremptory charge for defendant will not be reviewed where there is no assignment of error which points out the testimony in the record in support of plaintiff's claim.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982, 3490; Dec. Dig. § 719.*]

4. SEQUESTRATION (§ 18*)—CLAIMS OF THIRD PERSONS—BONDS—REQUISITES.

A bond by a claimant in a contest under the statutory remedy for trial of right of property to determine the ownership thereof, conditioned on the claimant returning the property to plaintiff or his successors in case he fails to establish his claim, does not comply with the statute providing that the bond shall be conditioned on claimant returning the property to the officer making the levy or his successor in office, on his failure to establish his claim.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 38–41; Dec. Dig. § 18.*]

5. APPEAL AND ERROR (§ 1043*)—HARMLESS ERROR—ERRONEOUS RULINGS NOT AFFECTING RESULT.

Where the court, in a contest under the statutory remedy of the trial of the right of property to determine the ownership thereof, properly directed a verdict for claimant, the failure to quash his bond for not complying with the statute was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4115–4121; Dec. Dig. § 1043.*]

Error to Dallas County Court; E. B. Muse, Judge.

Action by H. E. Crowley against T. E. Lester, in which J. B. Finch filed an affidavit and bond, and claimed possession and ownership of the property in controversy. There was a judgment for claimant, and plaintiff brings error. Affirmed.

Wilson, Williamson & Simmons, of Dallas, for plaintiff in error. Lively, Nelms & Adams, of Dallas, for defendant in error.

RASBURY, J. This suit was a contest under the statutory remedy of the trial of the right of property to determine the ownership of an automobile described as a "Marmon Roadster." Plaintiff in error sequestrated the car in a proceeding filed against one T. E. Lester. Defendant in error filed affidavit and bond under the statute and claimed possession and ownership of the car.

Tender of issues were filed as provided by statute. A jury was demanded and regularly impaneled. At the conclusion of the testimony the court trying the case instructed the jury to return a verdict for defendant in error. The jury returned the verdict directed by the court, and plaintiff in error brings the case here upon assigned errors.

[1] For the reason that the action of the trial court in peremptorily directing a verdict for defendant in error was not properly challenged in the court below, it becomes our duty to affirm this case, since we have no option in the matter. The court below, as a matter of course, was only authorized to instruct a verdict on the theory that there was no testimony to support the claim of plaintiff in error that ownership of the car was in him. While the trial judge goes to some length in reciting in his charge his reasons for directing the jury to return a verdict for defendant in error, yet in the last analysis the charge is essentially a peremptory one, whether his reasons for so doing were sound or not. At no place in the brief or the record is there to be found an assignment by which it is asserted and shown by proper excerpts from the testimony that sufficient facts were adduced by the plaintiff in error to take his case to the jury and that as a result the court erred in instructing a verdict.

[2] It is true that under his fourth assignment plaintiff in error argues that the court, by its peremptory charge, invaded the province of the jury; but the assignment does not remotely raise the point that there was evidence sufficient to take the case to the jury. Under said assignment plaintiff in error complains of the court for refusing to give to the jury certain special charges, and for giving in lieu of the requested special charges the peremptory charge to return a verdict for defendant in error. The assignment literally is that the special charges should have been given rather than the peremptory charge. This may have been true, but before we can determine that fact an assignment of error, as we have said, should have been prepared and filed showing that there was testimony in the record supporting plaintiff in error's claim that the car was his.

[3] We are not required to go to the record and ascertain that the evidence was conflicting and consider same in the absence of an assignment. Even though we were to do so, neither the transcript nor brief contains an assignment by authority of which the question might be considered. The statutes provide that: "The plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies; * * * all errors not distinctly specified are waived." Article 1612, R. S. 1911. The revised and amended rules for this court, adopted by the Supreme Court, and which are applicable to this case in defining what a distinct specification of error is, say, among other things, "It must point out that part of the proceedings complained of in a particular manner." Rule 25 (142 S. W. xii). By rule 23 (142 S. W. xii) it is provided: "If it does not (contain assignment of error), the court will not consider any error but one of law that may be apparent upon the record, if the judgment is one that could legally have been rendered in the lower court and affirmed in the appellate court." There being no assignment of error presenting to this court the claim that the evidence was sufficient to raise an issue of fact as to the ownership of the car, then the action of the trial court in instructing a verdict must be affirmed under the statute and rules, unless the other assignments raise some question that requires a reversal as matter of law.

[4] By appropriate proposition under his first assignment of error, plaintiff in error asserts that the court should have quashed the claimant's bond filed by defendant in error, because the condition of the bond was that the claimant, "in case he fails to establish his right to said property, will return the same to H. E. Crowley or his successors in as good condition as he received it," etc. This bond was not a statutory bond, since the statute, as one among other conditions of the bond, requires the claimant to agree that, in the event he fails to establish his right to the property, he will return the same to the "officer" making the levy or his successors in office, while the bond in this case provides that defendant in error and his sureties shall return same to "H. E. Crowley" or his successors in office. We think the motion to quash should have been sustained and the claimant permitted to file an amended bond, since an agreement to return the property to plaintiff in sequestration was not a substantial compliance with the statute. Sweeney v. Jarvis, 6 Tex. 36.

[5] However, the failure to quash the bond will not reverse the case, since we must assume for the reasons herein stated that the trial judge was correct in instructing a verdict, and that being true, and the case being rightly disposed of, the irregularity in the bond becomes immaterial. Parker v. Portis, 14 Tex. 166.

The same reasons that render the action of the court in refusing to quash the claimant's bond immaterial apply with like force to the court's action in admitting in evidence the bill of sale from Lester to Finch, and the check from Finch to Lester complained of, respectively, in the second and third assignments of error, if it should be conceded that the admission thereof was error.

For the reasons stated, the judgment of the trial court is affirmed.