### C. W. JOHNSON ET AL. v. E. D. BURTON ET UX.

Decided April 29, 1905.

**1.—Homestead—Intention—Preparation—Occupancy.**

A mere intention to use and occupy certain real property as a homestead at an indefinite time in the future, unaccompanied by acts of preparation looking to its actual occupancy for that purpose, will not constitute it a homestead, entitled to exemption as such.

Appeal from the District Court of Young. Tried below before Hon. A. H. Carrigan.

*C. W. Johnson,* for appellants, cited: Franklin v. Coffee, 18 Texas, 416; Barnes v. White, 53 Texas, 631; Brooks v. Chatham, 57 Texas, 32; Cameron & Co. v. Gebhard, 85 Texas 616; Gardner v. Douglass, 64 Texas, 78; Town Co. v. Griggs, 93 Texas, 456; George v. Ryan, 61 S. W., 138; Sayles' Civ. Stat., art. 2396; Skaggs v. Mulkey, 1 Posey U. C., 496; Stark v. Ingram, 2 Posey U. C., 636; Thompson on Homestead, secs. 244, 247.

*P. A. Martin* and *Jo. W. Akin,* for appellees, cited: Wm. Cameron & Co. v. Gebhard, 85 Texas, 614; Davidson v. Jefferson, 68 S. W. Rep., 822; Macmanus v. Campbell, 37 Texas, 267; Dobkins v. Kuykendall, 81 Texas, 183; Stone v. Darnell, 20 Texas, 11.

SPEER, ASSOCIATE JUSTICE.—The appellees, husband and wife, sought an injunction before the District Court of Young County, restraining the sale of the land in controversy by the appellants upon the ground that the same constituted their homestead at the date of the levy of the writ of execution thereon by virtue of which such sale was threatened. Upon the final trial judgment was entered perpetuating the injunction.

The appellee E. D. Burton purchased the land in controversy in December, 1901, and got possession thereof January 1, 1902, except that his vendor did not move out of the house until March following. After the purchase he replaced the fence about the farm which had been removed by a former owner, and thereafter made a partition fence separating the field from the pasture. For the year 1902 he hired one Jones to work the place, and afterwards rented it out to others. At

the time of the purchase the land consisted of one hundred and sixty acres, upon which was a habitable four-room house and an open farm. At the time, and ever since the year 1890, the appellees lived in a rented house in Graham, and continued to live there until after the levy of the execution, when, under the advice of their attorneys, they moved into the house upon the land. The appellees owned no other land, and purchased the land in controversy for a homestead, and have ever since intended to occupy the land as a home, but at no definite time, not until the husband had money to improve it to his liking. Burton was a freighter and railroad contractor and constructor by occupation, and has been engaged in that work since the purchase of the property for the purpose of earning money with which to improve the land for occupancy.

Practically, we have presented here the question, whether or not the purchase by Burton of the farm upon which is situated a habitable residence, intending at the time to make it his homestead in the future, at such time as he might be able to improve it to his liking, would constitute the same the homestead of the family from the date of the purchase. We think, under the authorities construing the homestead exemption, that this question must be resolved in the negative. We know of no decision by our Supreme Court which would warrant us in extending the doctrine so far. The rule seems to be that there must be something more than mere intention, to constitute property the homestead of the family. If, at the time the question arises, the property is not actually occupied for homestead purposes, there should at least exist the intention to make it homestead, accompanied with some act or acts of preparation looking to its actual occupancy for such purpose. Franklin v. Coffee, 18 Texas, 416; Barnes v. White, 53 Texas, 31; Brooks v. Chatham, 57 Texas, 32; Cameron v. Gebhard, 85 Texas, 616; Town Company v. Griggs, 93 Texas, 456. Mere intention, under such circumstances, will not be sufficient. In the present case the evidence shows unmistakably that the purpose of appellees was to make the property their home at some indefinite time in the future, when they were able to improve it to their liking, rather than that it should be their homestead from the date of its purchase. In order that property may be exempted as the homestead, it is required that, "the same shall be used for the purposes of a home." And while the rule of liberal interpretation to be applied to this character of law would admit of the protection being extended to those cases where the intention to occupy is accompanied with acts of preparation looking to an immediate occupancy, we know of no principle that would authorize its extension to those cases where, as here, there are absolutely no acts of preparation looking to the use of the property for homestead purposes, but the exemption is claimed by reason of intention merely.

We think the court erred in perpetuating the injunction, and therefore reverse the judgment and here render judgment in favor of appellants.

*Reversed and rendered.*