### JOHN S. HAGLER v. JOHN E. FERGUSON.

No. 1925. Decided April 28, 1909.

**Contract—Agent—Exceeding Authority.**

Where an agent to sell land exceeded his authority by contracting that his principal should pay $50 per day for every day he failed, after a certain time, to execute a deed, the contract was invalid, and the buyer could not enforce specific performance of the sale, though he waived the unauthorized stipulation. (P. 433.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Swisher County.

Hagler sued Ferguson and appealed from a judgment for defendant. on affirmance of which he obtained writ of error.

*Reeder, Graham & Williams,* for plaintiff in error.

*Turner & Boyce, Madden & Truelove, A. B. Martin* and *W. D. Wilson,* for defendant in error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a companion case to that of Evants & Hagler v. Ferguson et al., this day decided by us. That case was a suit for commissions for a sale of 72,000 acres of land alleged to have been made for plaintiffs by the defendants. This is a suit by John S. Hagler, the alleged purchaser at that sale, to enforce a specific performance of the terms of that sale. After the evidence was introduced the trial judge instructed a verdict for the defendant, which was accordingly returned and made the basis of a judgment for that party.

The two cases were tried in different counties and not before the same judge. It seems to us that the facts in the two cases were substantially the same. This suit is to enforce the contract which was made in the former case; and since we have held that, because that contract was unauthorized by the principal, in the former case the agents could not recover, we think it follows, that it will not support a finding of a contract for the sale of the land. It is true that the alleged purchaser, John S. Hagler, may be willing to forgo the stipulation that Ferguson was to pay him $50 a day for every day that he fails after a certain time to execute a deed for the land, but the answer to the suggestion is that he did not so contract. The contract by an agent for the sale of land must be such as either party can enforce strictly in accordance with its terms. How could Ferguson have enforced this contract against Hagler without complying with the stipulation that if he failed after sixty days from the date of the contract to make a conveyance of the land he should become liable to pay $50 a day for each day he was so in default, and that sum should be a lien upon the land proposed to be sold. (Michael v. Hoffstead, 98 N. W., 1078.) In the case cited the husband authorized his wife to sell his land at $50 per acre if she could not get more. She entered into an agreement to sell the land and stipulated that if her husband failed to convey, he should pay $500 liquidated damages. This last stipulation was held to avoid the contract for the reason that she was not authorized to make it, and a recovery was denied. For the same reason we think a recovery should be denied in this case.

There are other assignments of error which we have considered, but we find none of them which, if sustained, would affect the question of the right of recovery.

For the reasons given, the judgments of the Court of Civil Appeals and of the District Court are affirmed.

*Affirmed.*