## WISEMAN v. WATTERS et al. †

(Court of Civil Appeals of Texas. San Antonio. Dec. 13, 1911. Rehearing Denied Jan. 10, 1912.)

1. HOMESTEAD (§ 32*)—INTENTION TO OCCUPY IN FUTURE.

Where the owners of land did not live upon it, and rented it out, and there was no house thereon, a mere vague intention to make it a homestead in the future cannot render it such.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 40–43; Dec. Dig. § 32.*]

2. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASERS—RECORD—NOTICE.

A debtor who owned a single tract of land gave a deed of trust which misdescribed the property, but for a more particular description referred to the conveyance by which the debtor took title. Held, that the deed of trust having been recorded was notice to a subsequent purchaser from the mortgagor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

Error to District Court, Bexar County; Arthur W. Seeligson, Judge.

Action by C. B. Watters against R. A. Wiseman and others. There was a judgment for plaintiff, and the first-named defendant brings error. Affirmed.

Cocke & Cocke, for plaintiff in error. Carl & Kercheville, for defendants in error.

FLY, J. C. B. Watters sued C. O. Maddox, J. C. Lamkin, W. E. Wright, and R. A. Wiseman, and for cause of action alleged that C. O. Maddox executed and delivered to W. E. Wright two promissory notes for $500 each, due, respectively, on January 16, 1908, and December 16, 1908, each bearing interest at the rate of 8 per cent. per annum, and attorney's fees, in case they were placed in the hands of an attorney for collection; that the first note had been paid, but the latter, though due, had not been paid; that before its maturity it was transferred to J. C. Lamkin, together with a lien evidenced by a deed of trust, which was executed by Maddox to secure the payment of the two notes; said deed of trust being on a tract of 101⅔ acres of land, a part of the Y. H. Manus survey, and being one-third of the H. Sulise tract, the north third lying 1⅔ miles north of the town of Lavernia, on the New Berlin and Seguin road, and being more particularly described in a certain deed from H. Friederichs to C. O. Maddox, of record in Guadalupe county, to which deed reference was made in the deed of trust. It was further alleged that the note and deed of trust were, on April 29, 1908, transferred to C. B. Watters by J. C. Lamkin. It was further alleged that there was a misdescription in the deed of trust of the land, in that it was placed in the Y. H. Manus grant, instead of the M. Ximenes survey, where it is situated, which appears from the description of it in

H. Friederich's deed, referred to in the deed of trust. R. A. Wiseman answered that, on December 23, 1908, without knowledge on his part of the deed of trust, he bought from C. O. Maddox and Hattie L. Maddox, his wife, a tract of 151.8 acres of land out of the F. Smith grant for $1,500, and that if the property sued for was the property he bought when the deed of trust was given it was the homestead of Maddox and wife, and if not actually used by them, that they were preparing to occupy and use it for a homestead, and the deed of trust was void. Lamkin and Wright adopted the pleadings of Watters, and Maddox and wife set up a failure of consideration, and claimed that the land was the separate estate of Hattie L. Maddox, and was their homestead.

The cause was tried without a jury, and judgment rendered in favor of Watters for the amount of the note, interest, and attorney's fees against Lamkin, Wright, and Maddox, for a correction of the description of the land and a foreclosure of a lien thereon, and also for judgment in favor of Wright and Lamkin over against Maddox. This writ of error is being prosecuted by R. A. Wiseman alone.

[1] The evidence failed to show that the property in controversy was, at the time the deed of trust was given to secure W. E. Wright in the payment of the two promissory notes for $500 each, the homestead of Maddox and wife. They have never at any time lived on the land, and the intention, at some future time to occupy the land, if the circumstances were favorable, would not impress the homestead character upon it. The husband, C. O. Maddox, evidently did not intend to move on it, because the wife swore: "I did try to get my husband to move on this land and improve it and make our home there, but we did not have the necessary money to improve it, and he would not agree to it." The land was rented when the mortgage was given, and Maddox and wife were living in San Antonio, and Maddox testified: "I thought, if I ever became able, I would make the property a home and live there." A homestead is usually designated by occupancy, and mere intention, without any accompanying acts showing an active purpose and design to make a homestead, and to occupy it as such, cannot dedicate a piece of property to homestead uses. There was no house or home on the land in controversy, and the land that was cleared and put in cultivation was always rented. The intention, if any existed, to ever move on the land was of a very indefinite and uncertain nature. Franklin v. Coffee, 18 Tex. 413, 70 Am. Dec. 292; Railway v. Winter, 44 Tex. 597; Brooks v. Chatham, 57 Tex. 31. We do not intend to hold that actual occupancy is necessary to stamp the homestead

character on land, but, as said in Franklin v. Coffee, there must be a preparation to improve, and it must be of such a nature and extent as to manifest, beyond doubt, an intention to make improvements and reside upon the place as a home. Again, in Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832, the rule is thus stated: "Intention alone cannot give a homestead right; but it is at the same time equally true that all other things combined cannot give it, without the intention to dedicate it to the uses of a home."

In the case of West End Town Co. v. Grigg, 93 Tex. 431, 56 S. W. 49, the facts were that Grigg and wife intended at some future time to erect a residence on certain lots in San Antonio, and the Supreme Court held: "The purpose of Grigg and wife to establish their homestead upon the lots at some future time, if able to erect a residence upon it, did not make it a homestead. * * *" That case is absolutely decisive of this.

[2] In the description given of the land in the deed of trust, it was located on the Manus survey, instead of the Smith grant, but it referred to a deed to the tract of land of which the mortgaged property was a part as having been made by a certain party, and as being of record in Guadalupe county; and appellant contends that the description was not sufficient to put him upon notice that the land had been mortgaged prior to his purchase of it from Maddox and wife. The facts show that appellant is a brother of Mrs. Maddox; that he knew that his brother-in-law owned only one tract of land in Guadalupe county, and knew that he bought that tract from H. Friederichs or H. Fredericks; that he had bought a portion of that original tract conveyed by Friederichs to Maddox, and knew that the mortgaged tract was all that Maddox had left; that he was so intimate with his brother-in-law as to be desirous of swearing as to his intention to make the land his homestead. The trust deed was duly recorded, and he is charged with notice of all the information it conveyed, and of every fact in it that would excite inquiry. Now, when he read that deed of trust, it informed him that his brother-in-law had given a mortgage on a certain 101⅔ acres of land, situated 1⅔ miles north of Lavernia, which was "more particularly described in a certain deed from H. Frederich to C. O. Maddox, of record in Guadalupe county, Texas." If he had consulted that deed, he would have known that he was buying the land which had been mortgaged to Wright. The rule is that whatever puts a party upon an inquiry amounts in law to notice, if the inquiry is a duty, as it is in the case of creditors and purchasers. Wethered v. Boon, 17 Tex. 143; Hines v. Perry, 25 Tex. 443; Mar-

tel v. Somers, 26 Tex. 551; Traylor v. Townsend, 61 Tex. 144; Skov v. Coffin, 137 S. W. 450. In the last case cited, an ordinance was referred to in a deed, and this court held: "It is recited in the deed from the mayor of Socorro to Lowenstein that it was executed by virtue of a certain ordinance, describing it, which was passed and approved by the town council of Socorro on April 24, 1886, and that recital was sufficient to put those claiming through Lowenstein on inquiry as to the contents of that ordinance. It was read into and became as much a part of the deed as though it had been copied in full into it." Before buying the land from his brother-in-law and sister, it was the duty of appellant to consult the records of the county in which the land was situated, and he is charged with notice of every fact he would have obtained by consulting the records, and is also charged with knowledge of every fact that the record excited inquiry concerning. He was charged with knowledge of the contents of the deed of trust; and a simple inquiry, addressed to Maddox, as to the land intended to be mortgaged, would, we must presume, have been truthfully answered, or a perusal of the deed referred to would have given him knowledge that there was a deed of trust on the land. If he failed to make such inquiries, and was ignorant of the existence of the mortgage, he must suffer for his negligence, and not an innocent purchaser of the mortgage and notes.

It seems almost incredible that Maddox did not tell appellant anything about the mortgage, and that he innocently paid Maddox $1,500, but the latter fact at least is shown by the evidence, and it must be accepted as true that appellant paid Maddox and wife the sum of $1,500, and that they gave him a warranty deed to the land; and no reason can be given why he should not recover that sum, with interest at 6 per cent. per annum from the date of the deed, December 23, 1908.

The other matters assigned are of no importance, and it is the order of this court that the judgment be reformed, so as to give appellant judgment against Maddox and wife for $1,500 and interest, as herein indicated, and, as so reformed, the judgment will be affirmed.