JOHNSON v. CONGER.   (No. 7844.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 21, 1914. Rehearing Denied March 21, 1914.)

1. DEEDS (§ 114*)—CONSTRUCTION—DESCRIPTION.

Where plaintiff, in addition to the ordinary count of trespass to try title, prayed reformation of her deed, which, while reciting a conveyance of 160 acres, described only 80 acres, it was improper for the court to direct a verdict in her favor on the ground that the deed on its face showed a conveyance of 160 acres, for a particular description will govern a general one.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 316–322, 326–329, 388; Dec. Dig. § 114.*]

**2. EVIDENCE (§ 383*)—RECITALS IN CONVEYANCE.**

A recital in a conveyance by a husband that the land in question was not his homestead is competent evidence to show that at the time of the conveyance it had not been claimed by him as such.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1660–1677; Dec. Dig. § 383.*]

**3. APPEAL AND ERROR (§ 1033*)—REVIEW—HARMLESS ERROR.**

Where an instruction improperly cast too great a burden on defendant but did not authorize a verdict for plaintiff under any circumstances, the error is harmless as to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

**4. HOMESTEAD (§ 216*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.**

Where defendant claimed that the land in controversy had not passed to plaintiff because it was the grantor's homestead, and his wife had not joined in the conveyance, a charge on homestead is not erroneous because directing a verdict for plaintiff in case the grantor at the time that he moved from the land to another point intended to make his home at his new residence, for the jury must have understood that, by home, homestead was meant.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 400–403; Dec. Dig. § 216.*]

**5. HOMESTEAD (§ 125*)—EXEMPTION — SCOPE OF.**

The homestead exemption being limited to 200 acres, the owner of 320 acres cannot claim the whole tract as exempt. Hence his conveyance of 160 acres passes good title, though his wife did not join, where his homestead was upon the other half of the tract and he had not claimed as part of his homestead any particular 40 acres out of the quarter section conveyed.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 223; Dec. Dig. § 125.*]

**6. HOMESTEAD (§ 162*)—EXEMPTION — ABANDONMENT.**

Where the owner of a homestead sold part of the tract and removed to another locality, his mere intention to return at some indefinite time and take up his homestead upon the unimproved quarter section which he retained will not sustain a claim of a homestead exemption.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 315–319; Dec. Dig. § 162.*]

**7. APPEAL AND ERROR (§ 1172*)—DETERMINATION.**

Under rule 62a (149 S. W. x), declaring that where the issues are severable the judgment shall be reversed only as to that part affected by error, a judgment in a suit to quiet title and to reform plaintiff's conveyance, where the court improperly directed a verdict of reformation, will be reversed only as to that issue; that error not affecting judgment in plaintiff's favor for the land included in her conveyance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4555–4561; Dec. Dig. § 1172.*]

**8. APPEAL AND ERROR (§ 708*)—QUESTIONS PRESENTED FOR REVIEW.**

Where the transcript did not show that any default judgment was ever rendered although containing an order purporting to set aside the default, the Court of Appeals cannot review an assignment complaining of the vacation of the default.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2948; Dec. Dig. § 708.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by Mrs. M. F. Conger against J. M. Johnson and another. From a judgment for plaintiff, Johnson appeals. Affirmed in part, and in part reversed and remanded.

Mahaffey & Fulwiler, of Abilene, for appellant. Sayles, Sayles & Sayles, of Abilene, for appellee.

DUNKLIN, J. Mrs. M. F. Conger instituted this suit against J. M. Johnson, Mrs. C. R. Fenley, widow of W. T. Fenley, deceased, and the children of Mr. and Mrs. Fenley, in trespass to try title to 160 acres of land, the northwest quarter of section 8, block 3, Southern Pacific Railway Company survey, situated in Taylor county, and from a judgment in favor of the plaintiff against all the defendants, J. M. Johnson has appealed.

Plaintiff claimed title under a deed from W. T. Fenley, deceased, describing the property in controversy as follows: "The N. W. ¼ of the N. ½ of section 8, block 3, certificate 17/366, granted to Southern Pacific Railway and purchased by D. W. Floyd on December 17, 1892, from the state of Texas under act approved April 8, 1889, and April 28, 1891, and said land was duly assigned and deeded to David Windsor by D. W. Floyd as appears of record in the clerk's office of Taylor county, Texas, in this conveyance, being 160 acres of land; the above-described land is not, nor never was, my homestead. The above land was also deeded to W. T. Fenley by David Windsor."

Defendant Johnson claimed under a deed from Mrs. C. R. Fenley executed some two years later than the deed to the plaintiff describing the land as the "N. W. ¼ of section 8 in block No. 3, Southern Pacific Railway Company survey situated in Taylor county, Texas."

[1] It will be noted that in the deed to Mrs. Conger the land is described as the "N. W. ¼ of the N. ½" of the section. This description would embrace only 80 acres, while it is also recited in the deed that the conveyance is to 160 acres of land. The plaintiff's petition contained two counts; the first being in the usual form of trespass to try title. In the second count it was alleged that by mutual mistake of the parties to the deed the words "the N. ½" were inserted in the deed, while as a matter of fact it was intended and understood between the parties that the land therein conveyed should be described as the "N. W. ¼ of section 8," instead of "N. W.¼ of the N. ½," and plaintiff prayed that the deed be reformed so as to read as understood and intended, and that with this reformation of the deed she recover the N. W. ¼ of the entire section. The prior deeds referred to in the conveyance to Mrs. Conger embraced the entire N. ½ of the survey. When the deed to Mrs. Conger was introduced in evidence, the trial court held that it showed on its face a conveyance of

the N. W. ¼ of the entire survey and that no evidence would be heard upon the issue tendered in the second count of the petition for the reformation of the deed, and thereafter a peremptory instruction was given to the jury, in effect, that the deed to Mrs. Conger conveyed title to the N. W. ¼ of the entire section. In view of the general rule of construction of deeds, that particular descriptions will control general descriptions, and particularly as plaintiff had sought in the second count of her petition to reform the instrument, we are of the opinion that this ruling was an error for which the judgment must be reversed. Sanger v. Roberts, 92 Tex. 312, 48 S. W. 1; Cullers v. Platt, 81 Tex. 258, 16 S. W. 1003; Schaffer v. Heidenheimer, 43 Tex. Civ. App. 366, 96 S. W. 61; Dalton v. Rust, 22 Tex. 134. This ruling being in plaintiff's favor, no testimony was offered by the plaintiff to sustain the allegations in the second count of the petition, and evidence offered by appellant in rebuttal of the allegations contained in that count was rejected by the court because of the ruling already noted.

[2] Appellant also pleaded that the N. W. ¼ of the land for which plaintiff sued was the homestead of W. T. Fenley and wife at the time the deed to Mrs. Conger was executed, and that, as Mrs. Fenley did not join in that conveyance, the same was a nullity. Several assignments of error are presented upon that issue, one of which is that the evidence conclusively shows that the property was such homestead at the date mentioned. In the deed to Mrs. Conger it is expressly stated that the property therein conveyed was no part of the homestead of the grantor, thus tending to show that he, as the head of the family, did not at that time claim the same as his homestead. This recital, together with other circumstances in evidence, was sufficient to warrant a finding by the jury against appellant's plea under the court's instruction upon that issue.

[3] The charge of the court upon the issue of homestead is criticised. Two of the criticisms are upon that portion of the instruction which warrants a verdict in favor of appellant upon that issue in the event certain facts are found to be true. The criticisms are to the effect that the same imposed too great a burden upon appellant in order to sustain his plea. A sufficient answer to this assignment is that the instruction was in appellant's favor, and, as it did not authorize a verdict against him, it cannot be said that he was prejudiced thereby. Abilene Light & Water Co. v. Robinson, 146 S. W. 1052, and authorities there cited.

[4] W. T. Fenley formerly owned the N. ½ of section 8, consisting of 320 acres; he resided upon the E. ½ of that tract where all of the improvements were located, and this tract he sold to F. H. Flowers, and moved to Buffalo Gap, where he purchased a residence and there lived until he died. The court charged the jury that if it was W. T. Fenley's intention to claim the 160 acres in controversy as his homestead at the time he sold the other 160 acres and moved to Buffalo Gap, and that that intention was never abandoned, then appellant's plea of homestead should be sustained. In submitting the converse of appellant's contention on the homestead issue, the jury were told that if, at the time W. T. Fenley moved to Buffalo Gap, it was his intention "to reside there as his home, and that he acquired property in said Buffalo Gap upon which he and his family resided," then a verdict should be rendered against appellant's plea of homestead. The use of the word "home" instead of "homestead" is criticised as being improper, for the reason that a place of residence in Buffalo Gap might have been claimed by Fenley as his home even though he intended to occupy it only temporarily. When read in connection with other portions of the charge, we think it clear that the jury understood the expression "home" as synonymous with "homestead" used in other portions of the charge.

[5, 6] We are of the opinion further that the charge taken as a whole was unduly favorable to appellant for the following reasons: The homestead exemption was limited to 200 acres; he could not claim the entire 320 acres as exempt. The evidence tends strongly to show that the 160 acres sold to Flowers was a part of the homestead, and there is nothing in the testimony tending to show that any particular 40 acres of the tract in controversy was claimed by Fenley as a part of his homestead. Nor was there any testimony to show any acts of preparation by Fenley after his conveyance to Flowers to reside upon the 160 acres in controversy, upon which there were no improvements whatsoever. The most that can be said of the testimony offered by appellant to sustain his plea of homestead is that it would support the conclusion that Fenley at some indefinite time in the future intended to occupy the land in controversy as his homestead. It is well settled that the mere intention on his part to so use the unimproved property, unaccompanied with some act or acts of preparation looking to its actual occupancy for that purpose, would not be sufficient to sustain the plea. Johnson v. Burton, 39 Tex. Civ. App. 249, 87 S. W. 181, and decisions there cited.

[7] This issue of homestead is entirely separate and severable from all other issues in the case, and the judgment of the trial court upon that issue is affirmed; but for the erroneous ruling noted above the judgment is reversed and the cause remanded as to all other issues. Rule 62a, 149 S. W. x.

[8] Several cross-assignments have been presented by the appellee to orders made by the trial judge and appearing in the transcript purporting to set aside a judgment by default in appellee's favor against appellant

prior to the rendition of the judgment from which the appeal has been prosecuted. Independent of the question whether or not the court abused his discretion in setting aside the default judgment, if any had been rendered, these assignments must be overruled for the reason that there is no proper showing in the record of the rendition of such a judgment. Aside from an order purporting to set aside a judgment by default, the transcript fails to show that any such default judgment was ever rendered. The only proper showing for such a judgment would be an order to that effect appearing in the minutes of the court. Withers v. Crenshaw, 155 S. W. 1189.

Reversed and remanded in part; affirmed in part.