WILLIAMS v. PHELPS.    (No. 8031.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 7, 1914. On Motion for Rehearing, Dec. 12, 1914.)

1. BROKERS (§ 49*)—RIGHT TO COMMISSION—PERFORMANCE OF CONTRACT.

Where a broker procures the execution of an enforceable written contract of purchase on the terms authorized by the principal, he has earned his commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 70–72; Dec. Dig. § 49.*]

2. BROKERS (§ 84*)—ACTION FOR COMMISSION—BURDEN OF PROOF.

Where a broker's written employment contract authorized only a sale, the burden was on the broker, in an action for commissions on an exchange, to show that his principal and the other party to the exchange had reached a definite agreement.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 104, 105; Dec. Dig. § 84.*]

3. EVIDENCE (§ 445*)—PAROL EVIDENCE—BROKER'S EMPLOYMENT CONTRACT.

Where, in a broker's action for commission on an exchange of properties, it appeared that plaintiff's employment contract authorized him only to sell, evidence of a parol agreement between plaintiff and defendant that defendant would pay no commission on an exchange of properties, unless the exchange should be fully consummated, was properly admitted.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

4. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—PLEADING.

In a broker's action for commission on an exchange of properties, the overruling of an exception to a paragraph of the answer alleging that the value of the property for which defendant agreed to trade was falsely represented to him, if error, was harmless, where no such issue was submitted to the jury, and no assign-

ment was presented to the admission of any testimony thereon.

[Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

5. APPEAL AND ERROR (§ 1040*)—PLEADING—HARMLESS ERROR.

In a broker's action for a commission on an exchange of property, error could not be assigned to the overruling of exceptions to allegations of the answer alleging that the contract of exchange was invalid, where no bill of exceptions was taken to the court's instruction that such contract was nonenforceable for uncertainty.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

6. BROKERS (§ 85*)—ACTION FOR COMMISSIONS—EXECUTION OF ORAL CONTRACT—EVIDENCE.

Where, in a broker's action for commission on an exchange of properties, the evidence was conflicting whether any definite oral agreement of exchange was made, evidence of the market values of the respective properties was properly admitted.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.*]

7. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ADMISSION OF TESTIMONY.

Under Rules of Courts of Civil Appeals, rule 62a (149 S. W. x), providing that no judgment shall be reversed for immaterial errors, any error in admitting testimony as to value over an objection that the witnesses were not properly qualified was not ground for reversal, where such testimony related only to a collateral circumstance and other witnesses, who were qualified, testified to the same effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

8. TRIAL (§ 36*)—BEST EVIDENCE—FACTS NOT CONTROVERTED.

Where, in a broker's action for commission, the execution of the written contract of employment was not disputed, the exclusion of another instrument offered by plaintiff to prove such employment was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 89; Dec. Dig. § 36.*]

9. APPEAL AND ERROR (§ 547*)—PRESENTATION BELOW—INSTRUCTIONS.

Assignments of error complaining of instructions to which no proper bills of exceptions have been taken will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427, 2429–2432; Dec. Dig. § 547.*]

10. APPEAL AND ERROR (§ 553*)—BILL OF EXCEPTIONS—OBJECTIONS BELOW—INSTRUCTIONS.

Objections to the charge which do not show that they were presented before the charge was read, or that they were overruled and exception taken, will not be considered on appeal, though they are signed by plaintiff and marked "Approved" by the trial judge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2461, 2462, 2465–2471; Dec. Dig. § 553.*]

11. BROKERS (§ 86*)—ACTION FOR COMMISSION—SUFFICIENCY OF EVIDENCE.

Evidence, in a broker's action for commissions on an exchange of properties, held to sus-

tain a verdict for defendant based on a finding that no definite contract of exchange was made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 116–120; Dec. Dig. § 86.*]

12. TRIAL (§ 317*)—MISCONDUCT OF JURORS—WAIVER OF OBJECTION.

The right to object that jurors were guilty of misconduct in engaging in social games with defendant's wife at the hotel was waived, where plaintiff and his counsel were present and saw the games, and failed to call the matter to the court's attention prior to filing a motion for new trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 751, 752; Dec. Dig. § 317.*]

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by G. H. Williams against M. Phelps. From judgment for defendant, plaintiff appeals. Affirmed, and rehearing denied.

James M. Robertson, of Meridian, and C. M. Templeton, of Ft. Worth, for appellant. H. J. Cureton, of Meridian, and S. C. Padelford, of Cleburne, for appellee.

DUNKLIN, J. M. Phelps, who owned a ranch in Bosque county consisting of 3,000 acres of land, upon which he resided, employed G. H. Williams, who resided in Ft. Worth, to find a buyer for the ranch, agreeing to pay Williams for his services in so doing the sum of $1,000. The contract of employment was by letter dated at Morgan, Tex., March 19, 1912, addressed to Williams at Ft. Worth, and in that contract no price was named by Phelps for his property. Pursuant to that employment, Williams instituted negotiations to effect an exchange of Phelps' property for property in North Ft. Worth. At his insistence Phelps came to North Ft. Worth and examined property there situated belonging to Sam Rosen, with whom Williams had been negotiating, and to whom he introduced Phelps, consisting of several lots, some of which were improved with buildings. After Phelps had examined the property, a written contract was executed by him and Rosen, by the terms of which the ranch was to be exchanged for Rosen's property, provided Rosen should elect to make the exchange after an examination of the ranch. This contract was never executed, and, in a suit by Rosen to enforce specific performance thereof, this court held that the contract was nonenforceable by reason of uncertainty in the description of the property which Rosen proposed to exchange. For that decision see Rosen v. Phelps, 160 S. W. 104.

The present suit was instituted by Williams to recover the commission of $1,000 named in the contract of his employment mentioned above. In his petition Williams alleged the execution by Phelps and Rosen of the contract above mentioned and the breach thereof by Phelps after Rosen had examined the ranch and agreed to accept it.

He further alleged that his efforts to bring about the trade were the procuring cause which resulted in the contract, and that Rosen was ready, willing, and able to comply with the obligations imposed upon him by the terms of the contract, and offered so to do before Phelps declined to make the exchange, and that the refusal of Phelps so to do was without cause. From a judgment in favor of Phelps, Williams has appealed.

In plaintiff's third amended petition it seems that the right of action asserted is limited to the one contention that the commission claimed had been earned by reason of the fact that plaintiff had procured the execution of the written contract of exchange, and that Rosen was ready, willing, and able to make the exchange in accordance with the terms of the contract after he had examined the ranch in accordance with the option so to do as provided in the contract. In other words, it seems that the theory upon which plaintiff's petition was drafted was that Williams had earned his commission by procuring the execution of the written contract by Phelps and Rosen.

[1] It is well settled that when an agent procures the execution of a written contract of purchase upon terms authorized by the principal, which is satisfactory to the principal, and which can be specifically enforced by him, then the agent has earned his commissions. Moss & Raley v. Wren, 102 Tex. 567, 113 S. W. 739, 120 S. W. 847. If the contract was not enforceable against Phelps, then it was not enforceable against Rosen, and, if unenforceable against Rosen, it did not of itself furnish a proper basis for recovery of the commissions claimed. Hagler v. Ferguson, 102 Tex. 432, 118 S. W. 133, 132 Am. St. Rep. 895; 3 Elliott on Contracts, § 2282. But the court tried the case upon the theory that plaintiff would have the right to recover if he induced Rosen to agree with Phelps on an exchange of properties, whether or not the agreement was clearly and properly expressed in the written contract. It is unnecessary for us to definitely determine whether or not a trial upon that theory was warranted by the pleadings; since we have decided that the judgment should be affirmed for the reasons hereinafter stated.

[2] We think proper to note in the outset that the written contract of employment upon which plaintiff's suit is founded authorized a sale only of Phelps' property. Under that contract Williams was not authorized to exchange Phelps' property for other property. Skirvin v. O'Brien, 43 Tex. Civ. App. 1, 95 S. W. 696; 31 Cyc. 1363. In order, then, for plaintiff to recover, it was incumbent upon him, at all events, to show by parol testimony in connection with the written contract that Phelps and Rosen reached a definite agreement for the exchange of properties.

[3] Complaint is made of the action of the

court in overruling a special exception to allegations in the defendant's answer which were, in effect, that after the execution of defendant's written contract of employment of Williams to sell the property, and to pay him a commission of $1,000 for finding a buyer, and before the transaction already noted between plaintiff and Rosen, the plaintiff and defendant entered into a parol agreement, that in the event of an exchange of defendant's property for other property, defendant would pay no commission for any contemplated exchange, unless such exchange should be fully consummated. This agreement did not come within the rule invoked by appellant that parol evidence will not be heard to vary or change the terms of a written agreement.

[4] In another paragraph of defendant's answer it was alleged that in the negotiations between the defendant and Rosen, which resulted in the execution of the written contract of exchange, the values of Rosen's property were falsely represented to the defendant at sums far in excess of their real values. There was no reversible error in overruling appellant's exception to those allegations on the ground that they were irrelevant to the material issues involved; since no such issue was submitted to the jury in the court's charge, and no assignment is presented to the admission of any testimony to sustain such allegations.

[5] In defendant's answer it was alleged that the contract of exchange between Phelps and Rosen was in contravention of the statute of frauds, and therefore invalid, and also that Rosen by suit had sought a specific enforcement of the contract, and that, by reason of such invalidity of the contract, a judgment had been rendered denying him that relief. Error has been assigned to the action of the court in overruling special exceptions to those allegations upon the ground that they were immaterial and irrelevant to any issue in the case. A sufficient answer to those assignments is that the court expressly charged the jury that the written contract of exchange was nonenforceable, because of uncertainty in its terms, and no bill of exception was taken to that instruction.

[6] Whether or not Phelps and Rosen reached any definite oral agreement for exchange of properties was a sharply controverted issue; Phelps testifying in the negative, and plaintiff and other witnesses testifying in the affirmative. In view of this conflict, it was permissible to introduce evidence to show the market values of the respective properties of the parties to such contract of exchange, as such values were circumstances which could be looked to for the purpose of solving the conflict. See Carver v. Power State Bank, 164 S. W. 892; Paine v. Argyle Merc. Co., 133 S. W. 895; Kocher v. Mayberry, 15 Tex. Civ. App. 342, 39 S. W. 604.

[7] The testimony of the witnesses Tom Frazier and W. H. Abernathy shows that they were properly qualified to give opinions upon those values. If the witness H. C. Odle did not sufficiently qualify to give his opinion upon the same subject, as insisted in another assignment, the error in admitting his testimony over appellant's objection would not be such as would require a reversal of the judgment, in view of the fact that it related to a collateral circumstance only, and in view of other testimony to the same effect as that of Odle. See rule 62a (149 S. W. x).

[8] The execution of the written contract of employment of the plaintiff by the defendant, which was alleged in plaintiff's petition, was not controverted by any evidence offered by defendant. Hence there was no error in excluding another letter offered by the plaintiff from Phelps to Williams to prove such employment.

[9, 10] Several assignments of error are presented to the charge given by the court to the jury, all of which must be overruled, for the reason that no proper bills of exception were taken thereto. We find in the record what purport to be objections to the charge which are signed by the plaintiff and are marked "Approved" by the trial judge. But they do not purport to show that they were presented before the charge was read to the jury, nor that the objections were overruled by the trial judge, nor that the plaintiff excepted to such ruling. See Gulf, Texas & Western Ry. Co. v. Wm. Dickey (No. 8011) 171 S. W. 1097, by this court, not yet officially published; Cleburne Street Ry. Co. v. Barnes, 168 S. W. 99.

[11] By other assignments the contention is made that the verdict of the jury is without evidence to support it, or, at all events, contrary to the great preponderance of the evidence. It is insisted that the evidence shows conclusively that, after the execution of the contract of exchange between Rosen and Phelps, Rosen went to Morgan, and, after inspecting the ranch, told Phelps that he would accept it in exchange for his (Rosen's) property; that then, and not until then, did Phelps decline to make the exchange. Phelps testified that Rosen, after looking over the ranch, declined to take it, and that thereupon Phelps declared the trade off, and thereafter declined the further offer of Rosen to consummate the contract. In view of this testimony of Phelps, together with his further testimony, which was, in effect, that no definite agreement was ever made between him and Rosen for exchange of properties, and the further testimony that the value of the ranch was greatly in excess of the value of Rosen's property, and other circumstances not necessary to enumerate, these assignments must be overruled.

[12] By another assignment complaint is made of the action of the court in overruling plaintiff's motion for new trial based upon allegations of misconduct of some of the

jurors during the trial of the case. The alleged misconduct consisted of the fact that defendant's wife, a charming and attractive lady, boarded at the same hotel with the jurors, and during the recesses of court engaged in social games of dominoes with some of the jurors in the parlors of the hotel. If this could be considered such misconduct on the part of the jurors as to require their verdict to be set aside, the error was waived by reason of the fact, appearing from the affidavits attached to the motion, that both plaintiff and his counsel were also boarding at the same hotel, were present and saw the alleged games in progress, and failed to call the matter to the trial court's attention until the motion for new trial was filed.

The judgment is affirmed.

### On Motion for Rehearing.

We were in error in stating that the contract of employment contemplated nothing but a sale of the property. Upon further examination we find that the letter from Phelps to Williams requesting his services and promising to pay Williams $1,000 for finding a buyer, and the acceptance of which letter by Williams constituted the contract sued upon, concluded as follows: "I will trade or will sell on a credit; interest is all I want."

With this correction, the motion for a rehearing is overruled.