WESTERN UNION TELEGRAPH CO. v.
SOUTHWICK. (No. 1549.)

(Court of Civil Appeals of Texas. Amarillo.
June 25, 1919. Rehearing Denied
Oct. 8, 1919.)

1. TELEGRAPHS AND TELEPHONES ⚖=54(6) — STIPULATION LIMITING LIABILITY FOR MISTAKE UNLESS TELEGRAM REPEATED INVALID.

Printed stipulation in telegram blank limiting liability for mistake in transmission to price of telegram, unless repeated, and in any event to $50 unless greater value is declared in writing and additional rate paid, is invalid.

2. COURTS ⚖=91(1) — COURT OF CIVIL APPEALS MUST FOLLOW DECISIONS OF SUPREME COURT.

The Court of Civil Appeals, in an interstate telegram case, must follow decision of state Supreme Court, in absence of decision by federal Supreme Court.

3. BROKERS ⚖=94 — CONTRACT OF SALE EXECUTED BY BROKER UNENFORCEABLE AGAINST VENDOR.

If real estate agents were acting merely under the usual enlistment contract, provision of their contract of sale that purchaser and vendor were each to deposit a sum to be paid in case of his default to the other as the other's damages rendered the sales contract unenforceable against vendor.

4. TELEGRAPHS AND TELEPHONES ⚖=52—NOT LIABLE FOR MISTAKE IN TRANSMISSION WHEN SENDER ACCEPTS CONTRACT MADE.

If, through error in transmission of owner's telegram to real estate agents, too low a price for land was given them, and owner was not bound by the contract of sale made by the agents at such price, he could not, after dis-

covery of the mistake, carry it out and hold telegraph company liable.

5. TELEGRAPHS AND TELEPHONES ⚖=65(6) — PLAINTIFF ALLEGING MISTAKE IN TRANSMISSION TO AGENT NEED NOT PLEAD AND PROVE CONDITIONS OF AGENCY.

Plaintiff, in action for damages for transmitting telegram authorizing sale of land at $55 per acre so as to read $50, pleading in general that sendees were handling the land as his agents, and that they, as his agents, on receipt of message made a certain contract of sale at $50 per acre, and he thereby became legally bound to convey, was not, in the absence of any issue raised in that respect, bound to develop by pleading or proof the details of the agency as to authority to insert provision in the sales contract for forfeit of a certain amount for default of either party; authority in such respect being collateral.

6. SPECIFIC PERFORMANCE ⚖=58—ELECTION BY VENDOR TO ACCEPT PROVISION FOR DAMAGES PRECLUDES ENFORCEMENT OF CONTRACT.

Provision of contract of sale of land for deposit by each party of a sum to be paid, in case of his default, to the other party as his damages, precludes enforcement of the contract against the vendor electing to make such payment.

7. TELEGRAPHS AND TELEPHONES ⚖=52—EXTENT OF LIABILITY FOR MISTAKE IN TRANSMISSION OF INSTRUCTIONS TO AGENT.

One who has entered into contract of sale of his land below its value, through mistake in transmission of telegram, being entitled to abandon his contract on forfeiture of a certain sum as damages, may not perform and recover of telegraph company greater damages.

Appeal from Crosby County Court; B. H. Howard, Judge.

Action by E. E. Southwick against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Roscoe Wilson and Percy Spencer, both of Lubbock (F. R. Stark, of New York City, of counsel), for appellant.
J. W. Burton, of Crosbyton, for appellee.

BOYCE, J. The appellee brought this suit against the appellant telegraph company, to recover damages on account of negligence in changing the wording of a message transmitted for appellee by appellant, which resulted in damage to appellee.

Plaintiff resided in the state of Missouri and owned 160 acres of land in Crosby county. McLaughlin & Johnston at Ralls, Tex., were handling the land as plaintiff's agents. On March 13, 1918, the agents sent plaintiff a message informing him that they were offered $50 per acre for the land, to which plaintiff replied that he wanted $55 per acre. These messages stated further details in reference to the terms of sale, but they are not

material here. The above reply was so transmitted as to read, when delivered to the agents, that plaintiff wanted $50 per acre for the land, and on receipt thereof the agents, in plaintiff's name, made a written contract providing for the sale of the land at $50 per acre, with other stipulations hereinafter stated, and plaintiff thereafter conveyed said land to such purchaser in accordance therewith. The land was worth $55 per acre, and plaintiff brought this suit to recover the sum of $800 damages sustained by reason of such facts.

[1, 2] The message was an unrepeated day letter, and the telegraph company pleaded the contract printed thereon, to the effect that in such case any liability for negligence in transmission should not exceed the price paid for its transmission, $1.35 in this instance; and the further provision that in no event should the company be liable for mistakes in transmission of any message "beyond the sum of fifty dollars, at which amount this telegram is hereby valued, unless a greater value is stated in writing hereon at the time the telegram is offered to the company for transmission, and any additional sum paid or agreed to be paid, based on such value, equal to one-tenth of one per cent. thereof." Appellants also pleaded and offered evidence to show that a copy of the form of such contract was on file at the time of the transmission of said message with the Interstate Commerce Commission. Appellant, by various assignments, contends that under such circumstances such contract limiting the liability is valid, and the plaintiff could not recover except under the provisions thereof. Our Supreme Court has ruled against this contention. W. U. Tel. Co. v. Bailey, 108 Tex. 427, 196 S. W. 516. The courts of some other states have held the same way (Des-Arc Oil Mill v. Western Union, 132 Ark. 335, 201 S. W. 274), while others hold to the contrary. The Supreme Court of the United States, as far as we are informed, has not decided the question, and we are bound to follow the decision of our own Supreme Court under the circumstances. We therefore overrule the assignments presenting this question.

The sales contract made with the purchaser by the agents McLaughlin & Johnston provided that the buyer should place $500 in the bank at Ralls, to be applied in part payment for the land upon the consummation of the sale; but, in case of default on the part of the buyer, then said sum should be paid to the seller as his damages, and by the terms of said contract it was further agreed that—

"The seller, at the time of execution of this contract also through his agents above described, places in said bank a like sum to be held by said bank so that if the seller shall well and faithfully perform his part of said contract, then the said sum shall be returned to the agents above described, but if default shall be made in such performance by the said seller, then said sum shall be paid to the buyer as his damages hereunder."

Appellant bases two propositions on this provision of the contract:

(1) That on account of this provision, the contract was invalid, the agents being unauthorized to make any such agreement; that plaintiff was therefore not bound by such contract, and, having voluntarily conveyed such land after the discovery of the mistake, cannot recover.

(2) That said provision made said contract an option, binding plaintiff, either to convey the land or lose the $500 put up in the bank at his election, and that he cannot recover more than $500.

[3-5] If it had appeared that the agents were acting merely under the usual enlistment contract, the said provision would have rendered said contract unenforceable. Hagler v. Ferguson, 102 Tex. 432, 118 S. W. 133, 132 Am. St. Rep. 895. If the plaintiff were not bound by the contract, he could not, after discovery of the mistake, proceed nevertheless to carry out the contract and hold the defendant liable. Miller v. Western Union Telegraph Co., 157 Mo. App. 580, 138 S. W. 887; Shingleur v. Western Union, 72 Miss. 1030, 18 South. 425, 30 L. R. A. 444, 48 Am. St. Rep. 604; Jones on Telegraphs & Telephones (2d Ed.) § 557. But the plaintiff pleaded generally that said McLaughlin & Johnston were handling the land as his agents; that said parties, as his agents, upon receipt of said telegram made and entered into such contract; and that he thereby became legally bound to convey the land. The proof was as general as the allegations. There was no issue made either by the pleading or proof as to the extent of the said agents' authority except as to the price of the land. The authority of the agents in reference to this provision of the contract was collateral, and it was not necessary for the plaintiff, either in the pleading or proof, to develop the details of the agency in reference to such matter. I. & G. N. Ry. Co. v. Lynch, 99 S. W. 160; Heidenheimer v. Beer, 155 S. W. 352; Larrabee v. Porter, 166 S. W. 405; Webb v. Till, 134 Ga. 388, 67 S. E. 1035. We are of the opinion that the petition was not subject to general demurrer and, for the same reason, that the appellant's request for peremptory instruction on this theory was properly denied.

[6, 7] As to the second proposition, contracts very similar in their terms to this one have been construed as conferring a right of election on the part of the party similarly situated, either to proceed with the performance of the contract or to pay the damages stipulated and as precluding, in case of election to pursue the latter course, the enforcement of specific performance by the other party. Carter v. Smith, 184 S. W. 244; Simp-

son v. Eardley, 137 S. W. 378; Smith v. Felder, 208 S. W. 409. Writs of error were denied by the Supreme Court in the two cases first cited. We think these decisions are conclusive of the question, and therefore hold that the contract bound plaintiff only in the alternative, and it remains to be decided what is the extent of the appellant's liability in such case. The authorities we have already referred to establish that the liability of the telegraph company in such cases extends only to the extent that the plaintiff has become legally bound by an onerous contract, which was entered into as the result of negligence of the telegraph company. The plaintiff, under such circumstances, cannot voluntarily proceed and is bound to take reasonable action to mitigate the damages which he will sustain as a result of such contract. Since the plaintiff showed by his pleading and proof that he was not bound to convey the land except in the alternative, but had the right to suffer a smaller loss by allowing the purchaser to take the $500 put up in the bank, it is therefore shown that the larger loss entailed by the acceptance of the other alternative was voluntarily taken after the discovery of the mistake. Under this state of facts, we do not think that the plaintiff would be entitled to recover more than the $500.

We think the motion for continuance, on account of the absence of the defendant's attorney, presented good grounds for continuance. However, it appears that the facts were fully developed on pleading prepared and filed by such attorneys, and no harm appears to have resulted on account of the absence of such attorneys at the trial.

The judgment will be reformed so as to allow a recovery in favor of the plaintiff for only the sum of $500, and as so reformed will be affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes