### ALEXANDER et ux. v. WAGGOMAN.* (No. 383.)

(Court of Civil Appeals of Texas. Waco. June 24, 1926. Rehearing Denied Oct. 7, 1926.)

1. Homestead ⬥32.

Defendants *held* not entitled to claim homestead in lot where they were nonresidents of the state, and there was no evidence they had ever lived upon property or ever intended to occupy same.

2. Mechanics' liens ⬥93.

Failure of contractor to install bathroom fixtures could not affect validity of mechanic's lien, where defendants had no homestead right in property at time of execution of mechanic's lien contract and they accepted improvements as completed.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by B. L. Waggoman, as independent executor of the estate of Lugi Bechelli, against C. W. Alexander and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

H. D. Payne and C. A. Wright, both of Fort Worth, for appellants.

Burney Braly, of Fort Worth, for appellee.

STANFORD, J. Appellee, as independent executor of the estate of Lugi Bechelli, deceased, brought this suit against appellants, C. W. Alexander and wife, as the makers, and W. P. McGlothlin, as indorser on certain notes, and to foreclose a mechanic's lien on a lot in Fort Worth, Tex. The appellee alleged the execution of said notes by C. W. Alexander and wife to W. P. McGlothlin, a contractor, and the execution of a mechanic's lien contract on said lot to secure the payment of said notes, in consideration of which notes secured by said mechanic's lien the said McGlothlin agreed to build on said lot for appellants a certain four-room house. Appellee also alleged the transfer of said notes and mechanic's lien by McGlothlin to Lugi Bechelli, which transfer was duly recorded; the death of Lugi Bechelli, leaving a will naming appellee independent executor; that said will had been duly probated; and that appellee, as such independent executor, was the owner and holder of said notes, etc.

The defendant McGlothlin answered that he was an indorser only on said notes, and that plaintiff should not recover against him by reason of the failure to file suit in time, etc. The appellants, the Alexanders, after demurrers, exception, and general denial, alleged that the contractor failed to comply with his contract in that he wholly failed to install any fixtures in the bathroom, as was agreed to be done, and for this reason said contract and mechanic's lien was void, etc. After the evidence was all in, the court instructed a verdict in favor of appellee, and judgment was rendered for the amount of said notes, including principal, interest, and attorney's fees, and a foreclosure of the mechanic's lien.

### Opinion.

Appellants contend that the property involved was their homestead and that the improvements were not made according to contract, by reason of which the mechanic's lien was void and unenforceable. The record dis-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 24, 1926.

closes that appellants, C. W. Alexander and wife, were citizens of New Mexico; that they had lived in that state for a number of years and' had never lived in Texas since their marriage, until after the house in controversy was built. The wife owned a vacant unimproved lot in the city of Fort Worth. The husband was in the service of a railroad in New Mexico and had been since their marriage and for a long time prior thereto. They decided to come to Fort Worth to live, provided the husband could get employment with the same railroad at Fort Worth. Defendant W. P. McGlothlin was a contractor and was the father of Mrs. Alexander. After some correspondence with him, the Alexanders executed the notes and mechanic's lien contract to McGlothlin, as contractor, to construct a house on said lot, appellants still living in New Mexico at the time they executed said papers. The contractor proceeded with the construction of the house. About the time the house was thought to be completed the appellants came to Texas and moved into said house. However, the appellant C. W. Alexander did not resign his position with the railroad in New Mexico, but took a leave of absence. Appellants, after living in the house in Fort Worth about a month and the husband being unable to get employment, moved back to New Mexico. The notes and mechanic's lien were assigned to Lugi Bechelli before their maturity, and the contractor used the money obtained thereon in constructing the improvements. Payments were made on the notes after the Alexanders returned to New Mexico. The contract called for a four-room house, two galleries and bathroom, contract price $2,250. The record discloses that the house was completed according to contract, except bathroom fixtures were not installed in the bathroom, because, there being no sewerage facilities, the same could not be used.

[1] The question of homestead, as involved here, must be referred to the time prior to the execution of the contract and notes evidencing the mechanic's lien. Appellants were nonresidents of the state. There is no evidence that they had ever lived upon the lot in Fort Worth, no evidence that they had ever performed any act evidencing an intention to come to Texas and occupy said lot, no evidence that they had ever even expressed an intention to occupy said unimproved vacant lot, unless they could borrow the money on said lot to improve it and the husband could get employment. Appellants were still residing in New Mexico at the time they executed the contract and notes creating the mechanic's lien. Clearly, at the time they executed these papers, the vacant lot in Fort Worth was not their homestead. West End Town Co. v. Grigg, 93 Tex. 451, 56 S. W. 49; Swope v. Stanzenberger, 59 Tex. 389; Wiseman v. Watters (Tex. Civ. App.) 142

S. W. 134; Johnson v. Burton, 39 Tex. Civ. App. 249, 87 S. W. 181; Summerville v. King, 98 Tex. 332, 83 S. W. 681; Gallagher v. Gallagher (Tex. Civ. App.) 214 S. W. 516; Lumber Co. v. Elliott (Tex. Com. App.) 254 S. W. 935; Vaden v. Collier (Tex. Civ. App.) 253 S. W. 889.

[2] There was no evidence tending to show that appellants had any homestead right in said lot at the time of the execution of the papers creating the mechanic's lien. This being true, the mechanic's lien thereby created at its inception was not a lien upon a homestead, and so its validity could not be affected by the failure of the contractor to complete the contract in its entirety, and such question does not arise. Appellants accepted the improvements as completed, and did not, neither by pleading nor by evidence, seek to reduce the contract price by reason of a failure to have the bathroom fixtures installed. There is no merit in these assignments; the trial court was correct in directing. a verdict for appellee.

The judgment of the trial court is affirmed.