## G. W. KOCHER v. D. P. MAYBERRY.

Delivered February 8, 1897.

**1. Quantum Meruit—Labor and Material—Specific Contract.**
Where the undisputed evidence shows a contract fixing the price of work done, no recovery can be had on a quantum meruit.

**2. Evidence—Conflict as to Contract Price—Value of Labor and Material.**
Where the evidence shows a contract fixing the price of work done, but there is conflict as to what that price is, evidence of the value of the material and labor furnished is admissible for the consideration of the jury in resolving such conflict.

**3. Contract—Work not Completed—Measure of Recovery.**
In an action to recover for the erection of improvements, where part of the work called for in the contract has not been done, the measure of recovery is the contract price less the cost of completion.

**4. Mechanic's Lien—Owner Discharging Entitled to Credit.**
In an action to recover for the erection of improvements, defendant is entitled to credit for amounts paid by him to laborers who are seeking to fix liens upon his property for sums due from plaintiff for work thereon.

APPEAL from Harris. Tried below before Hon. S. H. BRASHEAR.

*Tackaberry & Tackaberry* and *O. T. Holt*, for appellant.—1. In an action for breach of a contract to pay a specified sum for a specified service, testimony tending to show that such service was worth a sum of money other than the amount alleged as contracted to be paid therefor is irrelevant and immaterial, and therefore inadmissible. Gammage v. Alexander, 14 Texas, 419; Morris v. Kasling, 79 Texas, 145; Ballew v. Casey, 60 Texas, 574.

2. If the pleadings show a cause of action based upon a contract, it is error to give a charge upon a quantum meruit. Railway v. French, 86 Texas, 100; Railway v. Measles, 81 Texas, 478; Boating Association v. Steamship Co., 80 Texas, 378; Payne v. Francis, 37 Texas, 76; Dufford v. Herbert, 2 Will. C. C., sec. 613; Ross v. Hawley, 3 Will. C. C., sec. 108.

*Coleman & Ross,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued appellant to recover a balance alleged to be due for the erection of certain improvements upon property belonging to appellant. The petition alleged that the original contract, in writing, fixed the sum of $1425, as the price to be paid for the improvements specified in it, but that afterwards it was decided to enlarge the buildings to about twice the size first agreed upon, and that another contract was made, that, if the work and material employed should amount to about double that which would have been required under the first contract, the price to be paid should be doubled. The petition alleged that the work was completed as last agreed upon, and that in doing so twice as much material and labor were expended as would have been necessary under the first contract, and claimed the contract price of $2850. It also alleged that extra work had been done, for which additional compensation was claimed. There was also a general allegation that the improvements were reasonably worth the sum charged. Payment of $2050 was admitted, and judgment asked for the balance.

The answer pleaded various matters in defense; one of which was that by the second contract the work was to be done for $2000, and another was that defendant had paid laborers, who did part of the work and who had asserted liens upon the property, the sums due them from plaintiff as the contractor.

There was a conflict of evidence upon most of the issues. Plaintiff testified that, by the second contract, defendant agreed to pay for the improvement $2850, while defendant testified that the price agreed upon was $2000.

By its charge the court, in substance, instructed the jury that, if they found that defendant agreed to pay the reasonable value of the improvement, they should allow the reasonable value of the work and material expended. This is assigned as error and we think the assignment is well taken. All the evidence tended to show a contract fixing the price, and it furnished the measure of plaintiff's compensation, and he could not, under the evidence, recover upon a quantum meruit. There was no evidence of such an agreement as that mentioned in the charge. There was evidence tending to show that the work and material were of greater value than that claimed by plaintiff, and the error may have therefore misled the jury and caused injury to the defendant. The evidence as to the value of the work and material was, we think, admissible as a circumstance for the jury to consider in resolving the conflict of evidence as to the price fixed by the contract, but plaintiff should have been restricted to that price.

It may be that the allegations of the petition were sufficient to have authorized a recovery upon quantum meruit, had it appeared that the price had not been agreed upon, but such a recovery was not permissible in the face of an agreement. Both parties admitted that the price had been agreed upon, and the conflict was as to the amount. The evidence

showed that some part of the work had not been done by plaintiff, but the rule of recovery in such case would be the contract price, less the cost of completion, if the facts were such as to require a deduction.

The court further instructed that no allowance should be made to defendant of the amounts paid by him to laborers, because he had not shown that he had been compelled to pay them. The evidence showed clearly that plaintiff owed the sums to the men, who had done parts of the work, and that they were seeking to fix liens upon defendant's property. It is unnecessary for us to go into a minute investigation to ascertain whether they had secured their liens or not. They had the right to do so, and defendant could, we think, recognize it and pay them, if he owed plaintiff a balance. He is not to be treated as a mere volunteer. Whether he was in fact compelled to pay or not, he could have been compelled to do so, and when he paid the sums, which defendant admits he owed the men, equity should subrogate him to the rights of those whose claims he had discharged.

Other questions raised are not likely to arise again.

*Reversed and remanded.*