### J. H. PAINE v. ARGYLE MERCANTILE COMPANY.

Decided November 19, 1910.

**Contract—Evidence—Market Value.**

When the evidence is conflicting as to the price agreed upon for a commodity, testimony as to the market value of such commodity at the same time and place is admissible as a circumstance to aid the jury in determining what the contract price was. And for the same purpose may testimony be admitted as to the price the commodity could have been bought for at the said time and place whether such price was the market price or not.

Appeal from the County Court of Denton County. Tried below before Hon. Lee Zumwalt.

*Emory C. Smith, Bottorff & Bottorff,* and *Geo. M. Hopkins,* for appellant.

*Hopkins & Milliken,* for appellee.—A fact which renders the existence or non-existence of any fact in issue probable by reason of its general resemblance thereto, and not by reason of its being connected therewith, is deemed not to be relevant to such fact, and therefor irrelevant and inadmissible. Heidenheimer v. Cleveland & Cameron, 11 Texas Civ. App., 546; San Antonio v. Lewis, 9 Texas, 69-70; Ross v. Mosko-

witz, 95 S. W., 90; Smye v. Groesbeck, 73 S. W., 973; Beakley v. Ranier, 78 S. W., 703; J. B. Lloyd & Son v. Kerley, 106 S. W., 696; 11 Encyc. of Evidence, pp. 780-781 and 783; Chicago v. Greer, 9 Wall. (U. S.), 726.

SPEER, ASSOCIATE JUSTICE.—This is an action by the Argyle Mercantile Company to recover from J. H. Paine a balance alleged to be due upon the contract price of certain cotton seed. The defendant pleaded a contract of different terms, and that he had paid plaintiff in full according to such terms. The trial before a jury resulted in a verdict and judgment for plaintiff and the defendant has appealed.

On the trial appellant offered the following evidence: He proposed to testify himself that C. C. Yeatts of Denton offered to sell him all the cotton seed he would need for his cattle during the fall and winter of 1906 for eleven dollars and fifty cents per ton; and by the witness Yeatts, who is shown to be the manager of a gin at Denton, that he did make such offer and would have sold appellant cotton seed at Denton, Texas, at that time for the price named. The court excluded this evidence upon the apparent objection that the witnesses would not testify that the price named was the market value of cotton seed at Denton, Texas. Denton is shown to be only a few miles from appellant's feeding pens, though not quite as·near as appellee's place of delivery. Other similar rulings were made, and in these rulings the court committed error for which the cause must be reversed.

There was a sharp conflict between appellant and appellee as to the terms of the express contract with reference to the sale of the seed, appellant testifying that the contract price was eleven dollars and fifty cents to twelve dollars per ton, while appellee's witnesses testified that appellant agreed to pay fourteen dollars to fourteen dollars and a half per ton. In this state of the evidence either party would have been permitted to prove the value of the cotton seed in order to corroborate his contention as to the terms of the contract. Kocher v. Mayberry, 15 Texas Civ. App., 342 (39 S. W., 604). In the opinion in the case cited Mr. Justice Williams, now of the Supreme Court, in holding similar evidence to be admissible, remarked: "The evidence as to the value of the work and material was, we think, admissible as a circumstance for the jury to consider in resolving the conflict of evidence as to the price fixed by the contract, but plaintiff should have been restricted to that price."

In the present case the witnesses would not have testified that the offer of Yeatts to appellant was the market price of seed, but, on principle, we can not say that this makes any difference. The theory upon which the market value of seed at the time and place would have been admissible undoubtedly is that it is relevant to the real issue, that is, the terms of the express contract, because it renders more probable, or improbable, the contention of one of the parties, as the case may be. Precisely so we think the evidence excluded would have a tendency to render more probable appellant's contention that he did not agree to

pay appellee a price so far in excess of that for which he knew he could have bought seed at other places. The testimony was relevant and should have been admitted. See, also, Hunter Evans & Company v. Lanius, 82 Texas, 677.

On another trial the charge should more clearly instruct the jury that plaintiffs could only recover upon proof of their allegations as to the terms of the contract with appellant, and that no recovery could be had for seed sold prior to the date of that contract, unless, of course, by amendment such sales were shown to be within its terms.

For the errors discussed the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*