## CARVER et al. v. POWER STATE BANK.

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 31, 1914. Rehearing Denied March 7, 1914.)

1. EVIDENCE (§ 461*)—RELEVANCY—REASONABLE VALUE.

Where there was a dispute as to whether the contract price for pasturage was for the contract term of more than a year or at that rate per annum, evidence as to the reasonable value of the pasturage for the contract term was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

2. TRIAL (§ 255*)—INSTRUCTIONS—LIMITATION OF EVIDENCE.

Defendants could not complain on appeal of the court's failure to limit certain evidence, in the absence of a request by defendants for such an instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

3. APPEAL AND ERROR (§ 1056*)—RULINGS ON EVIDENCE—PREJUDICE.

Where the allegations in the petition in a former suit did not contradict the allegations in the petition in the suit at bar, nor the testimony of a witness for plaintiff, defendants were not prejudiced by the refusal to admit such petition in the former suit as an admission by plaintiff and the witness that the contract was not as alleged in the present suit, and as testified to by such witness.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

Appeal from District Court, Archer County; P. A. Martin, Judge.

Action by the Power State Bank against E. B. Carver and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Allen & Allen, Taylor & Humphrey, and Wantland & Parrish, all of Henrietta, for appellants. W. E. Forgy, of Archer, and Montgomery & Britain, of Wichita Falls, for appellee.

DUNKLIN, J. Huggins, Boddy & Neville employed E. B. Carver to pasture 1,499 head of cattle from the 1st day of October, 1909, until April 1, 1910. The cattle were purchased from Carver by Huggins, Boddy & Neville at the time the contract for pasturage was entered into, and the cattle were pastured for the period stipulated. Carver transferred his claim for such pasturage to the Power State Bank, and guaranteed the payment of the same. The bank instituted this suit against Huggins, Boddy & Neville, as principal obligors, and against Carver, as guarantor, for the amount claimed to be due for such pasturage, and, from a judgment in favor of the bank, Huggins, Boddy & Neville have appealed.

[1, 2] The principal controverted issue in this case was whether or not, at the time the contract of pasturage was entered into, Huggins, Boddy & Neville agreed to pay for such pasturage at the rate of $2 per head for the full period of such pasturage, as alleged in plaintiff's petition, and as testified to by Carver, or whether the contract was to pay for such pasturage at the rate of $2 per head per annum, as testified to by defendants Huggins and Boddy. With this conflict in the testimony relative to the contract price for pasturage, the court, over appellants' objections, permitted E. B. Carver and George Abercrombie to testify that the reasonable value of such pasturage for that period was from $2 to $2.50 per head. The market price for such pasturage was a circumstance helpful to the solution of the conflict in the testimony of the witnesses as to the contract, and there was no error in the ruling referred to. Paine v. Argyle Merc. Co., 133 S. W. 895; and Kocher v. Mayberry, 15 Tex. Civ. App. 342, 39 S. W. 604. Of course it would have been proper for the court to charge the jury that the testimony relative to the market value of pasturage could be looked to for no other purpose except as a circumstance to be considered in determining whether or not the contract price for the pasturage was as testified by Carver, or was as testified by Huggins and Boddy; but, in the absence of a request by appellants so to do, they cannot complain of the failure of the court to give such an instruction.

[3] Prior to the institution of this suit the bank instituted another suit in the county court which was afterwards dismissed, and error has been assigned to the refusal of the court to admit in evidence, when offered by appellants, the plaintiff's petition in the former suit. The purpose of appellants in offering the petition was to show an admission by the bank and by Carver that the contract for pasturage was not as alleged in this suit and as testified to by Carver. While it is true that in that petition only $890 was claimed as damages, yet it is also true that only a portion of the account for pasturage had then been assigned to the bank by Carver, and was then being asserted as a cause of action. It was expressly alleged in that petition that the contract price for pasturing the cattle for the same period of time which is alleged in the present suit was $2 per head. It thus appears that the allegations in the former suit did not contradict the allegations contained in the petition in this suit, nor the testimony of Carver that the contract price for such pasturage was at the rate of $2 per head. Hence, if it could be said that the court erred in refusing to admit in evidence the petition in the former suit, it clearly appears that the error was harmless.

By another assignment it is insisted that the verdict of the jury is contrary to the weight of the testimony, in that Carver's

---

testimony that the contract price for pasturage was $2 per head was flatly contradicted by the testimony of appellants. As the jury were the exclusive judges of the credibility of the witnesses, this assignment must be overruled.

The judgment is affirmed.