CHILSON v. OHEIM. (No. 8029.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914.)

1. EVIDENCE (§ 130*)—RES INTER ALIOS ACTA.
In an action against a landlord on a promise to pay for goods furnished his tenant, that the landlord had given checks to the tenant to buy groceries with is res inter alios acta.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 403; Dec. Dig. § 130.*]

2. TRIAL (§ 121*)—ARGUMENT OF COUNSEL—DEDUCTION FROM EVIDENCE.
In an action against a landlord on a promise to pay for groceries furnished his tenant, the deduction of counsel in argument from the proven fact that the landlord stood for the tenant in 1910 that it was likely that he again stood for him in 1911, the year in controversy, is permissible.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 294–298, 300; Dec. Dig. § 121.*]

3. NEW TRIAL (§ 103*) — NEWLY DISCOVERED EVIDENCE—MATERIALITY.
Where, in an action on an alleged promise of a landlord to pay for groceries furnished his tenant, it was proved that the landlord made such a promise in 1910, and plaintiff testified that he made the same promise in 1911, when plaintiff's claim was presented, and he afterwards reminded the clerk of the conversation, newly discovered evidence consisting of the affidavit of the clerk that he once heard such a conversation, but that he never had any conversation with plaintiff about it, though tending to discredit plaintiff's testimony, is not so material to the issue as to render the refusal of a motion for a new trial reversible.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 215–217; Dec. Dig. § 103.*]

Appeal from Clay County Court; W. T. Allen, Judge.

Action by H. Oheim against W. H. Chilson. From a judgment for plaintiff, defendant appeals. Affirmed.

Wantland & Parrish, of Henrietta, for appellant. R. E. Taylor and Leslie Humphrey, both of Henrietta, for appellee.

DUNKLIN, J. H. Oheim instituted this suit against W. H. Chilson to recover an indebtedness incurred by Joe Moore for groceries purchased by him from plaintiff, who was at the time engaged in the mercantile business. Plaintiff alleged that before the goods were sold to Moore, Chilson contracted and agreed to pay therefor, and that the sales were upon the faith of that agreement. From a judgment in favor of plaintiff, Chilson has appealed.

The account in controversy accrued during the year 1911, and during the years 1910 and 1911 Moore was a tenant on Chilson's farm.

The evidence shows without controversy that plaintiff sold groceries to Moore during the year 1910, upon the credit of defendant, who afterwards paid the account. Plaintiff testified that prior to any of the sales made in 1911 defendant requested him to furnish Moore groceries for that year, and promised to pay for same just as he had promised during the previous year. Defendant unequivocally denied making that contract, and further testified that at the time he paid the account incurred in 1910 he expressly notified plaintiff that he would not be responsible for any more goods sold to Moore.

[1] Defendant offered to testify that from time to time during the year 1911 he gave Moore checks amounting in the aggregate to the sum of $153.55, with which to buy groceries for himself and family for the season of 1911. He also offered in evidence checks signed by him payable to Joe Moore, with indorsements upon the same, of divers dates during the year 1911, amounting in the aggregate to the sum above stated. All of this evidence was objected to by the plaintiff because the same related to transactions between Chilson and Moore alone, and was therefore irrelevant to the issues in this case. These objections were sustained, and to those rulings error has been assigned. The following decisions are cited in support of the assignment: Carver v. Power State Bank, 164 S. W. 892; Paine v. Argyle Merc. Co., 133 S. W. 895; Kocher v. Mayberry, 15 Tex. Civ. App. 342, 39 S. W. 604. In those decisions it was held, in effect, that where there is a dispute in the testimony as to the price agreed to be paid for certain articles of property, evidence of the reasonable value of the same is admissible as a circumstance helpful to the solution of the conflict in the testimony of the witnesses upon that issue. We are of the opinion that the evidence offered came within the rule which excludes proof of transactions between either of the parties and strangers, and for that reason there was no error in excluding it. Stuart v. Kohlberg, 53 S. W. 596, Beakley v. Rainier, 78 S. W. 702, Stockton v. Brown, 106 S. W. 423, and other decisions noted in 6 Encyc. Dig. of Texas Repts. pp. 1189, 1190; 1 Jones' Blue Book of Evidence, § 140. Proof of the market value of an article is proof of a circumstance only, which, like proof of custom and other circumstances, does not come within the rule of res inter alios acta, and hence the decisions relied on by appellant and noted above are not in point. 1 Jones' Blue Book of Evidence, § 141a.

[2] There was no error in the court's refusal to exclude the argument of plaintiff's counsel which was objected to by the defendant, and upon which plaintiff's second assignment of error is predicated. The argument was, in effect, that as Chilson had stood for Moore in the year 1910, it was

quite natural that he would stand for him again in 1911. We think this was a deduction that counsel had a right to draw.

[3] Another assignment is addressed to the refusal of the court to grant a new trial upon the showing made by the defendant of newly discovered evidence. Plaintiff testified on the trial that in February or March, 1911, before any of the goods were sold to Moore, and when the defendant agreed to pay for such goods as might be furnished to Moore during that year, his clerk, J. M. Baker, was present and heard the conversation; that thereafter he reminded Baker of the conversation; and, further, that when Chilson so agreed to pay the account, he (plaintiff) remarked that Chilson was as good as gold. The affidavit of said J. M. Baker was attached to the defendant's motion for new trial. He states in that affidavit that he was present and heard a conversation between Chilson and Oheim in which the former told the latter he would pay for any goods that might be furnished to Joe Moore, and that he would pay the bills monthly, and that, in reply thereto, Oheim said he considered Chilson as good as gold; that after that time goods were sold to Moore and paid for by the defendant about the 1st of each month; that thereafter Oheim refused Moore further credit. The witness further stated in the affidavit that the conversation just referred to was the only one he ever heard in which the defendant agreed to pay for any goods sold to Moore, and that he never discussed such conversation with Oheim at any time. It is true that this evidence would have tended to discredit the testimony of the plaintiff upon that issue. But whether or not Baker was present at the time of the alleged agreement was collateral to the main issue, and not of such a material character as to require a reversal of the judgment for the refusal of appellant's motion for a new trial. Fears v. Albea, 69 Tex. 437, 6 S. W. 286, 5 Am. St. Rep. 78, G., C. & S. F. Ry. Co. v. Hays, 40 Tex. Civ. App. 162, 89 S. W. 29, and other decisions cited in 13 Encyc. Dig. Tex. Repts. 457.

The judgment is affirmed.