## ROBERTS v. NOWLIN.    (No. 2751.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 19, 1927. Rehearing Denied Feb. 9, 1927.)

1. Evidence ☞99—In action for merchandise claimed furnished to cropper at landlord's request, admitting evidence showing landlord's payment of gas bill of cropper held irrelevant.

In action against landlord for merchandise claimed furnished to cropper at landlord's request, with defense that landlord was not liable for cropper's purchases, unless on his written order, admission of evidence that landlord had paid a third person gas and oil bill of cropper without a written order held irrelevant.

2. Trial ☞75—Admission of irrelevant evidence, though not objected to, held not to authorize introduction of further similar evidence.

In action for merchandise claimed furnished cropper at landlord's request, with defense that landlord was not to be liable for cropper's purchases, unless on landlord's written order, admission of irrelevant evidence as to landlord's paying other bills for cropper, though not objected to, held not to authorize introduction of further irrelevant testimony.

---

3. **Trial** ⬙⟿105(1)—**Incompetent and irrelevant testimony, admitted without objection, cannot be considered to support verdict or judgment.**

Incompetent and irrelevant testimony admitted, being without probative force, cannot be considered to support verdict or judgment, though it was not objected to at time of its admission.

Appeal from District Court, Collingsworth County; R. L. Templeton, Judge.

Action by A. L. Nowlin against C. W. Roberts and others. From the judgment, defendant C. W. Roberts appeals. Reversed and remanded.

C. C. Small, of Wellington, for appellant.
R. H. Cocke, of Wellington, for appellee.

HALL, C. J. The appellee, Nowlin, sued appellant Roberts and one C. N. Murley upon an account for merchandise furnished by Nowlin to Murley in the sum of $564.80, at the request of Roberts. It is alleged that the goods were furnished Murley while he was a cropper on a farm owned by Roberts during the rental year of 1925.

The appellee alleges, in substance, that Murley had been purchasing groceries and other merchandise from him and had defaulted in his payments, and, being refused further credit, Roberts came to appellee's store and agreed that, if appellee would furnish Murley further groceries, Roberts would pay the account; that appellee agreed to furnish, and did furnish, upon the credit of Roberts, groceries in the sum named, which has not been paid.

The defendant Murley filed no answer, and judgment was rendered against him by default. Roberts answered, admitting that he agreed to assist Murley in purchasing groceries and other merchandise from appellee during the rental year, but that it was distinctly understood and agreed by all parties that, before appellee should sell Murley any groceries on the credit of appellant, Murley must present to appellee a written order from appellant therefor, and that appellant would not be bound for any of Murley's purchases, unless upon signed orders from Roberts. He further alleges that he gave only two written orders, aggregating the sum of $34.60, which said sum he tendered into court.

By supplemental petition, the appellee denied generally and specially that there was any agreement as to written orders; that it was the custom and usage of Roberts during that year with all of his tenants to pay appellee all amounts due from said tenants in the fall; that Roberts had several croppers upon various farms owned by him near the town of Wellington, and, to enable them to make crops upon his lands, he held landlord's liens upon all crops raised; and that it was not Robert's custom and usage to require written orders before paying for croppers' accounts.

The case was tried before a jury, and upon issues submitted the jury found that Roberts told appellee to furnish Murley groceries during 1925, upon the credit of Roberts, and that, with the exception of the first order, it was not required that any other goods were to be furnished only upon the written orders of Roberts. Based upon these findings, judgment was also rendered against Roberts for the amount sued for.

[1] This appeal is before us upon only one proposition urged by appellant as follows:

"The court erred in requiring the defendant Roberts to testify, over his objection, that he had paid an account for gas and oil which Murley had purchased during the year from other parties upon the credit of Roberts, without signed orders from Roberts, because this was a transaction entirely foreign to any issue in the case on trial, was a transaction between third parties with which plaintiff was in no way connected, and which was not known to plaintiff, and the testimony was calculated to confuse and mislead the jury, and enable plaintiff to establish his contention by evidence of similar transactions with third parties."

The bill of exception shows that the oil and gas transaction was with one Gillintine, and Roberts was required to testify that he paid that account out of Murley's cotton which had been sold, and was further required to testify that he had not given Murley a written order to Gillintine for the gas and oil. This evidence was inadmissible for any purpose, and should have been excluded as being res inter alios acta. Stocton v. Brown (Tex. Civ. App.) 106 S. W. 423; Linthicium v. Richardson (Tex. Civ. App.) 245 S. W. 714; Judson v. Bell (Tex. Civ. App.) 153 S. W. 170; Stuart v. Kohlberg (Tex. Civ. App.) 53 S. W. 596; Beakley v. Rainer (Tex. Civ. App.) 78 S. W. 703.

[2, 3] The appellee insists that the testimony was admissible because Roberts had testified in his examination in chief that he had paid other bills for Murley, including the Gillintine bill for gas and oil, together with the bill to the Famous Mercantile Company, in the sum of $91. Evidence showing that Roberts had paid these bills was not admissible in the first instance under any issue in the case, and was wholly irrelevant and without any probative force, and its admission, though not objected to, was no reason for the admission of further irrelevant testimony in relation to the transaction. The rule is that the admission of irrelevant evidence without objection does not authorize the other party to introduce further similar evidence. Ellerd v. Murray (Tex. Civ. App.) 247 S. W. 631, and authorities there cited. It is also the rule that the admission of incompetent and irrelevant testimony, which is

without probative force, cannot be considered to support a verdict or judgment although it is unobjected to. Such testimony gains no vitality because admitted without objection. Quanah A. & P. Ry. Co. v. Wiseman (Tex. Civ. App.) 247 S. W. 695; Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 201; Chilson v. Oheim (Tex. Civ. App.) 171 S. W. 1074; Clifton Mercantile Co. v. Conway (Tex. Civ. App.) 264 S. W. 192.

Because the court erred in admitting this testimony, the judgment is reversed, and the cause is remanded.