## GLEGHORN v. RUSSELL et ux.

### No. 11275.

Court of Civil Appeals of Texas. Dallas.

June 10, 1933.

W. H. Barnes and Coon & Coon, all of Terrell, for appellant.

Fred T. Porter, of Terrell, for appellees.

LOONEY, Justice.

J. D. Gleghorn sued W. A. Russell and Mary Russell, husband and wife, to recover the balance due on an alleged contract between plaintiff and defendants for certain plumbing and electrical work on two cottages defendants were having built in the city of Terrell, Tex.; the total consideration alleged being $520, or $260 for each house, for the labor and material, including piping for water, gas, and wiring for electrical lights. Plaintiff also alleged that he did extra work on the buildings, amounting to $60.09, making a total of $580.09; that he complied with his contract in its entirety, except setting the fixtures; that he stood ready to perform this unfinished work,

but that defendants failed to furnish the necessary material as they had agreed to do; that the original contract was changed, to the effect that defendants agreed to furnish the necessary bathtubs, lavatories, commodes, and sinks, for which they were to be allowed a credit of $75 for each cottage, or a total credit of $150; that defendants paid plaintiff the sum of $162.55 and furnished certain materials of the value of $2.48, making a total credit of $315.03, leaving unpaid $265.06, for which plaintiff prayed judgment.

Defendant W. A. Russell answered separately, to the effect that the land upon which the improvements were made was the separate property of his wife, Mary Russell; that such fact was well known to the plaintiff, when the contract sued upon was entered into; and that by reason thereof he was not personally liable. The defendants jointly answered and urged a general denial, pleaded that plaintiff agreed to do the work alleged, for a total consideration for the two houses of $260; that there was no agreement for extra work and no extra work was performed by plaintiff, as alleged; specially denied that there was any modification of the original contract, whereby the defendants undertook to furnish certain of the fixtures; that plaintiff failed to keep his contract and defendants were compelled to procure material, fixtures, and labor to complete same, leaving plaintiff indebted to defendants in the sum of $95.77, for which they prayed judgment.

At the conclusion of the evidence, the court instructed a verdict for defendants, judgment was rendered accordingly, from which this appeal is prosecuted.

As will be observed, the parties are wide apart as to the nature of the basic agreement entered into. That is, plaintiff alleged that he was to be paid $520, total consideration for the improvements undertaken, $260 for each house; while defendants alleged that the agreement was that plaintiff was to do the entire work for $260.

The contention of each party in this respect, as well as other phases, shown by the allegations, was supported by evidence, presenting a jury question. Appellant assigns error on the action of the court in directing verdict for defendants, and as the evidence conflicted on all essential issues, we are compelled, under the rule that controls in such a situation, to sustain the assignment.

It is now academic that a trial court should never direct a verdict unless the evidence as a matter of law will admit of no other conclusion. See Eastham v. Hunter, 98 Tex. 560, 86 S. W. 323; Walker v. R. Co., 51 Tex. Civ. App. 391, 112 S. W. 430; Crowley v. Finch (Tex. Civ. App.) 153 S. W. 648; Drew v. American, etc., Co. (Tex. Civ. App.) 207 S. W. 547; Guedry v. Jordan (Tex. Civ. App.

268 S. W. 191, 195; Swindall v. Van School District (Tex. Civ. App.) 37 S.W.(2d) 1094, 1095.

Plaintiff also assigns error on the action of the court in excluding the testimony of two witnesses, W. R. Evans and Joe L. Anderson. These parties qualified as experts in the line of contracting and performing work, such as is involved in plaintiff's contract with defendants, and had been engaged for some time in furnishing labor and material, and doing similar work, and if permitted would have testified, in substance, that, in their opinion, the work plaintiff contracted to do was reasonably worth $260 for each house. We think the court committed reversible error in excluding this testimony. In similar situations, our courts have held such evidence admissible as a circumstance to be considered by the jury in resolving a conflict in evidence, such as was presented in the instant case. See Kocher v. Mayberry, 15 Tex. Civ. App. 342, 39 S. W. 604; Paine v. Argyle Merc. Co., 63 Tex. Civ. App. 51, 133 S. W. 895; Carver v. Power State Bank (Tex. Civ. App.) 164 S. W. 892.

Appellees seemingly justify the instructed verdict in their favor, because it appears, from plaintiff's petition, that he did not complete the contract, in that the fixtures were not set in place, hence was not entitled to recover the entire contract price. Defendants alleged that they were compelled to incur certain expenses to complete the contract; evidence was offered in support of the allegation; therefore, by both allegation and proof, sufficient basis existed to enable the jury to adjust equities and do complete justice between the parties.

Adverting to the contention of W. A. Russell that he is not personally liable, because the contract was for the improvement of his wife's separate property, the issue presented by pleading and supported by evidence is that both husband and wife contracted for the improvements, and while under an exception in the statute, the wife may bind herself personally for the costs of such improvements, there is nothing in the law that prevents the husband from also binding himself, on such a contract, either alone or jointly with his wife. The question is: Did he, in contracting with plaintiff for the work, act solely in the capacity as an agent for his wife, or did he and his wife jointly contract with plaintiff? If the facts justify the finding that he acted solely as agent, he would not be personally liable, but if he and his wife acted jointly, as alleged, they would be jointly liable.

For reasons hereinbefore stated, the judgment of the trial court is reversed and cause remanded.

Reversed and remanded.