**D. C. RUTHERFORD, d/b/a CIC Finance Company, Appellant,**

v.

**Canarlice HOLMES, Appellee.**

**No. 13077.**

Court of Civil Appeals of Texas, Austin.

April 30, 1980.

Rehearing Denied June 11, 1980.

Robert D. Lipman, Robert C. Duke, Austin, for appellant.

Stephen Gardner, Legal Aid Society of Central Texas, Austin, for appellee.

SHANNON, Justice.

This is an appeal from judgment of the county court at law of Travis County and involves the federal "Truth in Lending Act," 15 U.S.C. § 1601 *et seq.* (1974). Appellant is D. C. Rutherford, doing business as CIC Finance Company, and appellee is Canarlice Holmes.

Appellee's suit was predicated upon two loans made by appellant to appellee. For one loan, appellee signed a printed promissory note dated May 1, 1975, in the sum of $100.00. Appellee was one of appellant's steady customers in that the loan of May 1 was the thirteenth such loan that she had obtained from appellant. On July 1, 1975, appellee signed another printed promissory note in the sum of $100.00 by which she refinanced the outstanding balance of the May 1 note.

Instead of paying the July 1 note, appellee sued appellant claiming, *inter alia*, in her fourth amended original petition that the form promissory notes violated "Truth in Lending" legislation, 15 U.S.C. § 1631 (1974), and a regulation promulgated thereunder, 12 C.F.R. § 226.6(a). For the alleged violations, appellee sought penalties and attorney's fees. 15 U.S.C. § 1640 (1974).

After trial before the court, judgment was entered for appellee for $200.00 together with attorney's fees of $700.00. As basis for judgment, the county court at law found that both promissory notes reserved interest on all amounts unpaid after final

maturity at the highest legal contract rate, without disclosing the rate of interest.

The phrase in dispute appears in both promissory notes and provides as follows:

". . . with interest on all amounts unpaid after final maturity at the highest legal rate."

In the judgment, the trial court concluded that the phrase above quoted did not satisfy the requirements of 15 U.S.C. § 1631 and 12 C.F.R. § 226.6(a). The applicable part of § 1631 in 1975 provided as follows:

"1631. General requirement of disclosure

(a) Each creditor shall disclose clearly and conspicuously, in accordance with the regulations of the Board, to each person to whom consumer credit is extended and upon whom a finance charge is or may be imposed, the information required under this part."

The pertinent part of § 226.6(a) is as follows:

"(a) *Disclosures; general rule.* The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence, in accordance with the further requirements of this section, and at the time and in the terminology prescribed in applicable sections."

The trial court further concluded that the quoted phrase in the promissory note violated 12 C.F.R. § 226.8(b)(4):

"(b) In any transaction subject to this section, the following items, as applicable, shall be disclosed:

.    .    .    .    .

"(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments."

■ An examination of appellee's trial petition shows that appellee *did not plead* 12 C.F.R. § 226.8(b)(4) as basis for recovery of statutory damages. A party may not sustain a favorable judgment on an unpleaded cause of action in the absence of trial by consent. *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964); *Stoner v. Thompson,* 578

S.W.2d 679 (Tex.1979). Trial by consent occurs only when it appears from the record that an issue was actually tried, although not pleaded. *Watts v. Watts,* 563 S.W.2d 314 (Tex.Civ.App.1978, writ ref'd n. r. e.). Nothing in the record before this Court demonstrates that the issue of whether appellant's note was in violation of § 226.-8(b)(4) was actually tried. Accordingly, whether or not § 226.8(b)(4) required that the rate of post maturity interest be set out in the promissory note is not before this Court and will not be considered further.

Appellee's defense of the judgment was founded primarily on § 226.8(b)(4). Nevertheless, appellee argues that the judgment may be affirmed for the reason that §§ 1631 and 226.6(a) require a creditor's disclosure of the specific rate of post maturity interest. Appellee's contention is *not* meritorious.

■ Appellee's contention requires an examination of the express language of §§ 1631 and 226.6(a). *See Ford Motor Credit Co. v. Milhollin,* —— U.S. ——, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). Although the language is general, a fair reading of §§ 1631 and 226.6(a) shows that the statute and the regulation dictate that disclosures, when required, are to be made clearly and conspicuously. Neither § 1631 nor § 226.-6(a) attempts to enumerate the circumstances in which the creditor is required to make disclosure. Instead, § 1631 and § 226.6(a) are concerned about the *manner* and *method* of disclosure. Should some other part of the statute or regulations dictate that disclosure be made, then § 1631 and § 226.6(a) command that the disclosure be set out clearly and conspicuously. Nothing in § 1631 or § 226.6(a) directs the creditor to set out in the promissory note the rate of post maturity interest.

By cross-point, appellee complains of error by the court in refusing to conclude that appellant had violated § 226.6(a) in the following respect: the number of monthly installments on the original of the note appeared in legible handwriting, although the same disclosure on the duplicate note, in-

tended for the customer, was not legible. The court concluded that because the handwriting on the original note was legible, there was no violation of § 226.6(a).

■ Appellee's cross-point cannot be considered for the reason that the transcript does not show that appellee advised the trial court in any manner of her dissatisfaction with the judgment. *West Texas Utilities Company v. Irvin*, 336 S.W.2d 609 (Tex. 1960); *Maloney v. Strain*, 410 S.W.2d 650 (Tex.Civ.App.1966, no writ); *Morgan v. Morgan*, 406 S.W.2d 347 (Tex.Civ.App.1966, no writ); *White Stores, Inc. v. Crain*, 515 S.W.2d 677 (Tex.Civ.App.1974, no writ); *Appellate Procedure in Texas*, § 15.16 (2d ed. 1979); *see Dietz v. Dietz*, 540 S.W.2d 418 (Tex.Civ.App.1976, no writ), for other authorities and for a criticism of the rule.

The judgment is reversed and judgment is here rendered that appellee take nothing.

Reversed and Rendered.

SMITH, J., not sitting.