**CAMEO CONSTRUCTION COMPANY, et al., Appellants,**

v.

**Monte M. CAMPBELL, et ux., Appellees.**

**No. 08–81–00213–CV.**

Court of Appeals of Texas,
El Paso.

July 21, 1982.

Appellants' Rehearing Denied
Oct. 6, 1982.

Opinion on Appellees' Motion
for Rehearing Sept. 8, 1982.

Gilpin, Maynard, Parsons, Pohl & Bennett, Michael A. Pohl, William L. Maynard, Houston, for appellants.

Krist, Gunn, Weller, Neumann & Morrison, William G. Neumann, Jr., Houston, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This deceptive trade practices case arises from a written contract for construction of a residence. Based upon a jury verdict the trial court awarded Monte and Carolyn Campbell, the homeowners, actual damages plus attorney's fees from their building contractor. The judgment of the trial court is in part affirmed and in part modified and in part reversed and the cause remanded.

On December 9, 1976, Mr. and Mrs. Campbell entered into a written contract with Cameo Construction Company for the construction of a residence for the sum of $165,000.00. The house was not completed by Cameo, the full contract was never paid by the Campbells, and this litigation resulted. After the Campbells moved into the house and finished construction, Cameo posted foreclosure notices and then suit was filed by the Campbells to enjoin the sale and to recover damages from Cameo and Harry Bradley, its President. Cameo filed a counterclaim seeking recovery under a theory of quantum meruit. The trial court entered judgment based upon the jury verdict awarding Mr. and Mrs. Campbell the sum of $25,400.00 in damages plus $36,-600.00 for attorney's fees, $15,000.00 being contingent upon appeals by Cameo. Cameo and Bradley were denied all relief sought by them. The record consists of four volumes of the transcript, but no statement of facts has been filed.

The first two points of error complain of the action of the trial court in disposing of the counterclaim of Harry Bradley.[1] Appellees originally sued Cameo and Bradley and sought treble damages and attorney's fees under the Deceptive Trade Practices—Consumer Protection Act. Tex.Bus. & Com.Code, Chapter 17. By answer Bradley denied that he was liable in the individual capacity in which he had been sued. The Fourth Amended Original Petition filed May 25, 1979, limited the Deceptive Trade

---

1. All of the Appellants' points of error are defective for failure to specify the reason why the trial court erred. Texas Appellate Practice Manual Section 1.57 at p. 59 and Section 1.51 (1974). Nevertheless, we consider each point under the holding in *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943).

Practice Act claims to Cameo only and eliminated such claims against Bradley although he remained a party defendant as to other claims.

On March 3, 1980, Cameo and Bradley moved for summary judgment, the latter asserting that he was not individually liable because the construction contract showed he signed as an officer of the corporation. On March 20, 1980, Bradley filed a counterclaim under Section 17.50(c) of the Deceptive Trade Practice Act to recover attorney's fees. Subsequently Appellees filed a motion for non-suit as to Bradley only, which was granted on April 30, 1980. Appellees then filed special exceptions to Bradley's counterclaim urging that there was no Deceptive Trade Practice Act claim pending against him at the time he filed his counterclaim. The trial court after hearing the exceptions sustained them and ordered the counterclaim stricken.

■ We conclude that the trial court erred in ordering the counterclaim stricken. The fact that Appellees by amended pleading eliminated all claims against Bradley under the Deceptive Trade Practice Act did not totally relieve them of all liability to him if the original pleadings which asserted such a claim "was groundless and brought in bad faith, or brought for the purpose of harassment." Section 17.50(c) only requires that one bring such a suit to be liable for attorney's fees and court costs—not that they prosecute such suit to a conclusion. If Bradley incurred attorney's fees in answering and defending a groundless and bad faith suit, or one brought for the purpose of harassment, the legislature intended that he recover those costs. While the costs might be minimal since a non-suit was taken, Bradley still had a right to recover whatever cost he incurred for defense of this claim if the suit as to him was in the category noted in the statute. Points of Error One and Two are sustained.

■ The next point of error asserts the trial court erred in failing to grant Bradley's motion for summary judgment. The argument urges this court to hold the suit against Bradley was brought in bad faith and for the purpose of harassment and to remand only on the issue of Bradley's damages. We find nothing in the transcript to indicate the motion was ever presented to or acted on by the trial court. Thus, nothing is presented for review. In any event, the motion did not assert the suit came within the terms of Section 17.50(c), and we could not grant the relief sought even if we agreed that the motion should have been sustained. Point of Error No. Three is overruled.

■ The last three points of error assert the trial court erred in entering judgment for Appellees rather than Cameo and in denying Cameo's motion for remittitur. Appellants first contend that Appellees were not entitled to recover under the Deceptive Trade Practice Act because they failed to give the requisite notice of their claim under Section 17.53(a) of the 1973 version of the Act. All parties agree that the claimed breach of the 1976 contract would be controlled by the 1973 provisions of the Act. The notice required under Section 17.53(a) of the 1973 Act applied only to suits brought as class actions under Section 17.51. Under the 1973 act, no notice was required for suits brought under Section 17.50 which provided general relief for individual consumers. *King v. Ladd,* 624 S.W.2d 195 (Tex.Civ.App.—El Paso 1981, no writ), upon which Appellants rely, was decided under the 1977 amendments to the Act and it is not applicable to the facts in this case.

■ Next, Appellants assert that the trial court should have granted their motion for judgment. Appellees paid $124,055.26 on a contract that provided for a total payment of $165,000.00. The jury found the value of the labor and materials which Cameo furnished was $200,000.00. In their brief, Appellees acknowledge that it was stipulated and agreed that the residence was substantially completed by Cameo. Normally, in such a case the measure of damages is the contract price, less the reasonable cost of remedying the defects or omissions in such a way as to make the

building conform to the contract. *Atkinson v. Jackson Bros.*, 270 S.W. 848 (Tex.Comm'n App.1925).

The jury found the cost of remedying the defects and making the necessary repairs for defective construction was $25,400.00. Thus, it appears that by paying the contractor $124,055.26 and making repairs of $25,400.00 Appellees have received a home for which they initially contracted to pay the sum of $165,000.00. Thus, they should be required to pay the additional sum of $15,544.74 to avoid any unjust enrichment. But, they should not be liable for payment of the sum of $200,000.00 which was found by the jury to be the reasonable value of labor and materials paid for and furnished by Cameo since that sum exceeds the contract price for the house. This issue was before the court in *Montclair Corporation v. Earl N. Lightfoot Paving Co., Inc.*, 417 S.W.2d 820 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.), and Chief Justice Bell writing for the majority said:

> No case has been cited us, and in our extensive research we have found none, which holds that if there has been only substantial performance the contractor is restricted to recovery on the contract, recovering the contract price, including profits, if any, less the reasonable cost of completing the building in accordance with the contract. The cases do allow recovery on the contract for substantial performance; but we think the contractor may elect to sue on quantum meruit for the reasonable value of the benefits conferred on the owner, the value not to exceed the contract price, and the owner may recover his damages against the contractor for not fully performing.

Therefore, we conclude that the trial court should have permitted Cameo to recover the difference between the contract price and the amount actually paid and the amount necessary to make the required repairs on the house. Appellants acknowledged in oral argument that there can be no review of the trial court's denial of their claim for remittitur without a statement of facts. Accordingly, we overrule Points of Error Four and Six and in part sustain Point of Error No. Five.

■ The Appellees by a single cross-point assert the trial court erred in failing to award them treble damages under the Deceptive Trade Practice Act. The record does not reflect that they have preserved their right to complain of the judgment entered. *Westwood Independent School District v. Southern Clay Products, Inc.*, 604 S.W.2d 511 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Rutherford v. Holmes*, 599 S.W.2d 668 (Tex.Civ.App.—Austin 1980, writ dism'd); *Dietz v. Dietz*, 540 S.W.2d 418 (Tex.Civ.App.—El Paso 1976, no writ). It was incumbent upon Appellees to note their objection in the trial court to the judgment entered. They did not do that. The cross-point is overruled.

Under Rule 434 judgment should be entered providing that Appellees recover from Cameo $25,400.00, less an offset of $15,544.74, for a net recovery of $9,855.26. That part of the judgment denying Harry Bradley relief on his counterclaim is reversed and remanded to the trial court. In all other respects the judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

The Appellees have filed a motion for rehearing. In the first point of error, they assert that we erred in allowing Cameo Construction Company an offset in the amount of $15,544.74. The Appellees alleged in their amended pleadings that they had paid subcontractors and materialmen the sum of $65,188.48 for work done or materials supplied under their contract with Cameo Construction Company. The final judgment provided that Cameo take nothing by its counterclaim against Mr. and Mrs. Campbell. Thus, the trial court found that Mr. and Mrs. Campbell had no further obligation under the contract to make payments to Cameo and impliedly found that the Campbells had paid all or more than the total sum provided for in the construction contract.

■ We conclude that by making payment to the subcontractors and the materi-

**14**

almen, Mr. and Mrs. Campbell would be entitled to a credit for the sums paid toward the total amount owed to Cameo Construction Company. *Kocher v. Mayberry,* 15 Tex.Civ.App. 342, 39 S.W. 604 (1897, no writ). The payments made to Cameo and to the subcontractors and materialmen exceed the contract price for the house. Therefore, we grant the Appellees' Point of Error No. One and affirm that part of the judgment which provides that Mr. and Mrs. Campbell have and recover from Cameo Construction Company the sum of $25,400.00.

The Appellees' second and third points of error have been considered and they are overruled.