**WESTERN CONSTRUCTION COMPANY, Appellant,**

v.

**VALERO TRANSMISSION COMPANY, Appellee.**

**No. 2419cv.**

Court of Appeals of Texas, Corpus Christi.

April 28, 1983.

Richard E. Flint, Head, Kendrick & Head, Corpus Christi, for appellant.

Thomas Hoekstra, San Antonio, John Barrow, Nicolas, Morris & Barrow, Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

An underground pipeline owned by appellee was struck and ruptured by a bulldozer driven by one of appellant's employees. The jury awarded appellee actual damages of $35,581.08 and exemplary damages of $25,000. We affirm the award of actual damages, but reverse the award of exemplary damages.

In its first and second points of error, appellant contends that there was no evidence to support the submission to the jury of Special Issue Six, which asked the jury to find the value of the natural gas lost because of the pipeline rupture. Mr. John Philips testified that his duties as manager of appellee's Gas Measurement Department included calculating gas volume based on measurement charts. Appellant concedes that Mr. Philips was competent to testify about the *amount* of gas lost from the rupture, but argues that his testimony on the *value* of the gas lost was inadmissible hearsay.

Mr. Philips testified that he calculated the amount of gas lost from the rupture caused by appellant to be 35,655,000 cubic feet (one thousand cubic feet will hereafter be abbreviated as "MCF"); that he received a dollar-per-MCF figure of $2.08 from the Regulatory Affairs Department; and that he multiplied the number of MCF's lost by $2.08 to arrive at the value of the MCF's lost. On cross-examination, Mr. Philips testified that he had no personal knowledge of the sales price for gas at the time of the rupture, and that he simply accepted the figure of $2.08 per MCF.

Appellant failed to object to this testimony at trial, but now argues that the testimony of Mr. Philips is inadmissible hearsay. Appellant further contends that since Mr. Philips' testimony was the only evidence on value, there was no evidence to support the Special Issue under which the jury was to find the value of the lost gas.

Prior to trial and in response to appellant's interrogatories as to the amount of damages sustained by reason of the rupture of the line, appellee included a three-page exhibit. Included in the exhibit was an invoice showing that gas loss from damage inflicted by appellant was 12,900 MCF's at slightly over $2.08 per MCF, or $26,897.79. Appellant introduced the invoice into evidence as Defendant's Exhibit Number Four.

Documentary evidence is generally held to be conclusive against the party introducing it. Thus, if one of the parties to a lawsuit introduces written evidence without limiting its purpose, he will be bound by the facts recited in that evidence. *Green v. State,* 589 S.W.2d 160 (Tex.Civ.App.—Tyler 1979, no writ); *Hidalgo County v. Pate,* 443 S.W.2d 80 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.); *Blume v. Weaver,* 412 S.W.2d 760 (Tex.Civ.App.—Eastland 1967, no writ).

Appellant did not limit the purposes for which the invoice was introduced, and he is bound by the facts therein recited. Furthermore, since we are reviewing a "no evidence" point, we must view the evidence in a light most favorable to the support of the jury's findings. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773 (Tex.1975). We hold that the jury could properly find from the admitted evidence that the value of the gas lost by appellee as a result of the rupture was approximately $2.08 per MCF.

Appellant's first and second points of error are overruled.

In his third, fourth, and fifth points of error, appellant challenges the award of exemplary damages to appellee. In his third point of error, appellant complains of a failure of the trial court to submit issues to the jury concerning the alleged reckless conduct of the appellant's employees. Specifically, appellant is asserting that exemplary damages cannot be awarded against a corporation without certain prior findings by the jury.

In *King v. McGuff,* 149 Tex. 432, 234 S.W.2d 403 (1950), it was held that a finding of liability by a corporation for exemplary damages must be predicated on one of the following findings:

"(1) The principal authorized the doing in manner of the act or

(2) the agent was unfit and the principal was reckless in employing him or

(3) the agent was employed in a managerial capacity and was acting within the scope of his employment or

(4) the employer or a manager ratified or approved the act."

The appellant properly requested an issue on these questions, which was denied. Appellant again pointed out the alleged error in their omission by motion to disregard the jury findings and for entry of judgment notwithstanding the findings of the jury. Therefore, this issue, if necessary, would not have been found by implication. The only other possibility which would excuse the failure to submit the issues, if necessary, would be that the facts in question were conclusively established under the evidence. See Rule 279, Tex.R.Civ.P.

The evidence clearly establishes that Glenn Hyden was a superintendent for appellant and was supervisor over the project at issue. However, the evidence does not, as a matter of law, establish that Hyden committed any negligent act. The only issue on negligence submitted to the jury was Special Issue Number One which reads as follows:

"On the occasion in question was Western Construction Company, acting through its employees, negligent in striking and rupturing the pipeline after it had acquired notice, if any, of its presence?

The jury answered yes to said issue and the answer was the predicate for their subsequent finding of gross negligence and their award for exemplary damages.

■ The question we must answer is whether or not Special Issue Number One sufficiently comports with the requirements of *McGuff* so as to support the findings of gross negligence and an award of exemplary damages. We hold that it does not. It is apparent from the *McGuff* case and the cases which have followed *McGuff,* that this is an issue upon which very specific findings must be made by the fact finder. See *Purvis v. Prattco, Inc.,* 595 S.W.2d 103 (Tex. 1980); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex.1967), *Bass v. Metzger,* 569 S.W.2d 917 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *K-Mart # 4195 v. Judge,* 515 S.W.2d 148 (Tex. Civ.App.—Beaumont 1974, writ dism'd); see also Restatement (2d) of Torts, Section 909, where the question is one for the jury then the issue must be submitted in some form approximating that set out in *McGuff.* This was obviously not done by the trial court in this case.

■ The infirmities which exist with Special Issue Number One are apparent. The issue inquires only *whether* appellant, acting through its employees was negligent. It fails to inquire the negligence of the employees and then fails to specify whether or not the negligence found by the issue is attributable to Hyden, the undisputed manager. Perhaps the negligence is attributed to both employees, Hyden and Pete Zamora. However, if both were negligent then, were both grossly negligent? No such finding exists. Since Hyden's negligence is not established as a matter of law, as is asserted by the appellee, the failure of the trial court to submit a specific issue on Hyden's negligence constituted a reversible error. Appellant's third point of error is sustained.

In its sixth and seventh points of error appellant contends that the value of the

processable natural gas liquids lost as a result of the accident was included in the value of MCF's lost; thus, the submission of Special Issue Seven, under which the jury awarded damages for processable natural gas liquids lost, was duplicitous.

However, Miss Sandra Wade testified that she was appellee's Senior Head Accountant for the Plant Accounting Section, and that she was familiar with the procedure of calculating the amount of product loss associated with a pipeline rupture. She defined "product" as "the liquid that is found in a natural gas rig," and stated that every MCF of gas had both a liquid portion and a vapor portion.

■ Appellee produced another witness who also testified extensively on losses suffered from the rupture. And while Miss Wade carefully restricted her testimony to *product* lost, Mr. Philips, the second witness, was equally cautious in restricting his testimony to *gas* loss. Appellee's pleadings sought damages for both loss of gas *and* loss of processable gas liquids. Appellant made no attempt at trial to contend that the claimed losses were duplicitous, and does not contend on appeal that it lacked notice that appellee sought damages for losses of both product and gas. We hold that the record contains sufficient evidence from which the jury could properly find that appellee suffered independent losses of "gas" as well as "product". Appellant's sixth and seventh points of error are overruled.

■ In its eighth and last point of error appellant contends that there was no evidence to support the trial court's submission of Special Issue Number Seven, which asked the jury to find the *value* of the processable natural gas liquids lost as a result of the rupture. However, Miss Wade was allowed to testify without objection that her duties included calculating the value of product loss, and that she followed industry accepted practices in calculating that appellee lost 33,810 gallons valued at $6,234. She testified at length on how the calculations were made and from what sources the component figures of the calcu-

lation were derived. Appellant's eighth point of error is overruled.

Finally, appellee has filed a cross-point of error under which it contends that the trial court erred by failing to add pre-judgment interest to the actual damages for which appellant was found liable. Appellee concedes that it did not object at trial, but responds that the amendment effective in January, 1981 to Rule 324 of the Texas Rules of Civil Procedure allows it to raise this point for the first time on appeal.

Rule 324 is entitled "Prerequisites of Appeal" and states, in pertinent part:

"[T]he omission of a point in [a motion for new trial] shall not preclude the right to make the complaint on appeal. Notwithstanding the foregoing, it shall be necessary to file a motion for new trial in order to present a complaint upon which evidence must be heard, such as one of jury misconduct or of newly discovered evidence." (Emphasis added).

The underscored portion of the quoted material represents the amended matter. The old rule, prior to the January, 1981 amendment, stated:

"Notwithstanding the foregoing, it shall be necessary to file a motion for new trial to present a complaint *which has not otherwise been ruled upon.*" (Emphasis added).

Appellee argues that, in the case before us, interest is a proper element of damages and is established as a matter of law, and that no evidence therefore needs to be heard in order for appellee to recover it. Thus, it has not waived its right to complain on appeal that pre-judgment interest should have been awarded. Appellee cites no authority for its contention.

Under the Texas Rules of Civil Procedure, "... predicates for complaint on appeal must be preserved at the trial court level by motion, exception, objection, plea in abatement, or some other vehicle. The complaint must identify the objectionable matter or event sufficiently for the ... trial judge to know the nature of the al-

leged error." *PGP Gas Products, Inc. v. Fariss,* 620 S.W.2d 559 (Tex.1981).

 More specifically, an appellee who does not except to a judgment, or give notice of appeal from the judgment, or in any way inform the court of its dissatisfaction with the judgment entered has waived its complaint. *McLemore v. Johnson,* 585 S.W.2d 347 (Tex.Civ.App.—Dallas 1979, no writ); *Portwood v. Buckalew,* 521 S.W.2d 904 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). In addition, a cross-point will not be considered if the issue has not been preserved for appeal by the appellee taking the necessary exception to the judgment entered against it, because it will not have perfected an appeal so as to be an appellant. *Chappell v. Dwyer,* 611 S.W.2d 158 (Tex.Civ.App.—El Paso 1981, no writ); *Rutherford v. Holmes,* 599 S.W.2d 668 (Tex. Civ.App.—Austin 1980, writ dism'd w.o.j.).

We certainly do not interpret the January, 1981 addition to Rule 324 as evincing the intention of the legislature to obviate the need for any trial objection to preserve a complaint on appeal unless evidence must be heard on the point. Rather, the purpose of the amendment is to make more liberal the prerequisites of appeal once a point of error has been preserved; that is, a point of error which has been properly preserved will not be waived if it is omitted from the motion for new trial (provided, of course, that the other requirements of the amendment are met).

We therefore hold that appellee has waived its right to complain on appeal of the trial court's failure to award prejudgment interest, *not* because appellee failed to include the complaint in a motion for new trial, but rather because the complaint was not preserved by bringing it to the attention of the trial court. Appellee's cross-point is overruled.

The judgment of the trial court is affirmed insofar as it awards actual damages in the amount of $35,501.08 to appellee, but reversed and here rendered that appellee take nothing insofar as exemplary damages are concerned and the costs are adjudged 50% to appellant and 50% to appellee.

Affirmed in part, and reversed and rendered in part.