### Jim OEHLERT, Appellant,

### v.

### Jeff MASSEY and Priscilla Massey, E.W. and Sarah Massey, all individually and d/b/a Massey's No. 1 and Massey's Convenience Center, Inc., Appellees.

No. 06–95–00053–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 8, 1996.

Decided March 14, 1996.

Rehearing Overruled April 10, 1996.

Frank Supercinski, Longview, for appellant.

Larry Powers, Powers & Blount, Sulphur Springs, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Jim Oehlert appeals from an adverse judgment based on a jury verdict in his breach of contract action against Jeff Massey. He challenges, among other things, the legal and factual sufficiency of the evidence to support the verdict, and contends that the trial court gave the jury an incorrect instruction on the measure of damages. We agree that the damage instruction was incorrect, and will reverse and remand for a new trial.

Oehlert, as contractor, agreed by written contract to build Jeff Massey, owner, a convenience store-gas station in Sulphur Springs for $330,000.00. Oehlert was to begin construction no later than October 1, 1992, and complete the job by December 31, 1992. Because of various construction and permit delays, the project was delayed and the store did not open until early April. Shortly before the store opened, Massey owed some $18,687.20 on the original construction contract. In addition, some subcontractors had filed liens against Massey to secure their material and labor claims for work on the project. Massey testified that he paid the subcontractors directly some $39,556.15, or $20,868.95 over the amount still owed on the contract price, in order to get the liens released.

After the project was completed, Oehlert filed suit against Massey for breach of contract, alleging that Massey owed him $18,-687.20 for the unpaid contract balance and $11,425.28 for extra work. Oehlert also asked for $20,000.00 in attorney's fees pursuant to Tex.Civ.Prac. & Rem.Code Ann. § 38.001 (Vernon 1986). Massey countersued, alleging that Oehlert breached the contract by failing to perform the work timely and in a good and workmanlike manner. The jury found for Massey and awarded him $20,868.95, but no attorney's fees.

Massey testified he paid $20,868.95 over the contract price to cover items he considered were within the contract. He said he also paid some $11,452.28 in undisputed charges, or extras not included in the contract, for which he was not seeking reimbursement.

Oehlert contends that $18,687.20 remained unpaid on the contract, and that there was $11,425.28 owing for extras. Oehlert testified it would cost him an additional $500.00 to fix Massey's "punch list" of minor defects. He argues that the "extras" he performed on the job were accepted by Massey, and to allow Massey to receive the benefit of them without paying for them would constitute unjust enrichment. Part of Oehlert's complaint is that because Massey paid the subcontractors directly, Oehlert was not able to receive his ten percent profit on the subcontractors' contracts.

Massey testified that when the subcontractors filed their liens, he paid them directly $39,556.15, which amounted to $20,868.95 more than he owed on the contract. An owner may receive credit for sums paid directly to subcontractors seeking to fix liens on the owner's property for money the contractor owes the subcontractors. *Kocher v. Mayberry*, 39 S.W. 604, 15 Tex.Civ.App. 342 (1897, no writ). These matters were disputed, however, because Oehlert contended some of them were not covered by, or were in excess of, the contract.

We first address Oehlert's contention that the trial court gave an incorrect jury instruction on the measure of damages.

■ If a contractor has substantially performed his contract, but has not completely performed it, the owner may sue for breach and recover from the contractor the cost of completion less the unpaid balance on the contract price. This is the remedial measure of damages. *Turner, Collie & Braden v. Brookhollow, Inc.,* 642 S.W.2d 160, 164 (Tex. 1982); 4 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.46 (1990). Both sides agree that the project here was substantially complete.

■ The court submitted a question asking the jury what sum of money "would fairly and reasonably compensate Defendant[s] for their damages?" The jury answered, "$20,-868.95." The court's question did not limit damages to the remedial measure. *Roberts v. Dehn,* 416 S.W.2d 851, 854 (Tex.Civ.App.—Dallas 1967, no writ) (citing *Runnells v. Pruitt,* 204 S.W. 1017 (Tex.Civ.App.—Dallas 1918, no writ)). Oehlert objected to the court's question, objected to the omission of a question on remedial damages, and submitted a correct requested question on remedial damages.

The damage question was improper because it allowed the jury to consider elements of damage other than remedial ones. Massey was seeking not only the $20,868.95 he paid over the contract amount, but additional monies in the form of lost profits and late fees.

■ Massey argues ' that the erroneous damage question was harmless because the jury answered $20,868.95, the exact figure he says he spent to complete the contract. He contends that because the amounts were identical we can and should assume that the amount of damages represents only remedial damages found by the jury, so Oehlert was not harmed by the incorrect jury question. We cannot agree.

Even if it would be factually proper for us to make such an assumption, it would not be legally proper for us to do so for these reasons: First, the amount it cost Massey to complete the contract is not undisputed. Although Massey testified that he spent $20,868.95 to complete the contract, Oehlert disputed the amount that was necessary because he claimed that some of the items Massey paid for were either partially or wholly outside the contract. If we assumed that the jury's figure represented only remedial damage, we would in effect be finding, as a fact, that Massey's testimony on the cost of repair was true. We cannot find facts; we can only "unfind" them. Second, some of the items paid for were alleged to have cost more than their reasonable cost. Moreover, even if we assumed that the jury intended the $20,868.95 to be remedial damages, we do not know and cannot know whether the jurors considered and perhaps included improper items of damage in what they considered remedial damages. Thus, we find that the improper measure of damages charge probably caused the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1).

In any event, it appears that the cause was submitted on the wrong theory, and that, in the interest of justice, we should reverse the judgment and remand the cause for a new trial. *Scott v. Liebman,* 404 S.W.2d 288 (Tex.1966); *Dahlberg v. Holden,* 150 Tex. 179, 238 S.W.2d 699 (1951).

Oehlert has raised several other points of error, but in view of our disposition of the point concerning charge error we need not discuss the other points.

The judgment is reversed and the cause is remanded to the trial court for a new trial.